JAMES P. CONNER et al., Executors, etc., Respondents, *v.* WILLIAM REEVES et al., Impleaded, etc., Appellants.

A covenant of indemnity against the recovery of a judgment is broken the moment judgment is recovered against the covenantee, and a cause of action thereon is complete for damages, which are measured by the amount of the judgment; and this, although the judgment has not been paid by him, and although the covenantor was not a party to and had no notice of the former action.

As a general rule, in an action upon a bond of indemnity against judgments, the sureties thereon are concluded, by the judgment recovered against the obligee, from questioning, except for fraudulent collusion for the purpose of charging the sureties, the existence or extent of his liability in the action wherein it was rendered.

Where, however, the judgment was taken by consent of the obligee, while he is not excluded from the protection of the indemnity, the judgment is presumptive evidence only against the sureties, and they are at liberty to show that it was not founded upon any legal liability or that it exceeds such liability.

In the absence of any proof impeaching the fairness or justice of the claim or tending to show that the judgment exceeded the legal liability of the obligee, the amount thereof is the sum he is entitled to recover in an action upon the bond.

(Argued October 26, 1886; decided November 23, 1886.)

APPEAL by defendants Reeves and Kloppenburgh from judgment of the General Term of the Supreme Court, in the first judicial department, in favor of plaintiffs, entered upon an order made March 27, 1885, which affirmed a judgment in favor of plaintiffs, entered upon a verdict directed by the court. (Reported below, 35 Hun, 507.)

This action was upon a bond of indemnity, the substance of which and the material facts are set forth in the opinion.

*Edward D. McCarthy* for appellants.

*Henry Thompson* for respondents. The three defendants are jointly, as well as severally bound to indemnify plaintiff's testator, and being so bound, are in privity of contract with each other, and are to be regarded and treated, *quoad* the contract and the rights and liabilities connected with and growing out of it, as one person. (*Fay* v. *Ames*, 44 Barb. 327, 333; *Bartlett* v. *Campbell*, 1 Wend. 50; *Scofield* v. *Churchill*, 72 N. Y. 565; *Casoni* v. *Jerome*, 58 id. 315; *Gerould* v. *Wilson*, 81 id. 573, 583, 584.) Sureties are bound in such a case because by the contract they have made themselves privy to the proceedings against their principal, and when the principal is concluded the surety, in the absence of fraud or collusion, is concluded also. (*Casoni* v. *Jerome*, 58 N. Y. 322; *Douglass* v. *Howland*, 24 Wend. 35; *Jackson* v. *Griswold*, 4 Hill, 522; *Annette* v. *Terry*, 35 N. Y. 256; *Baggott* v. *Boulger*, 2 Duer, 160; *Harrison* v. *Clark*, 87 N. Y. 572; *Cohen* v. *Wyman*, Daily Reg., Nov. 30, 1885.) Under the terms of the bond, notice to any one of the joint obligors was sufficient, and the notice given to Dubee, the plaintiff in the execution, and his attorney, and their active co-operation in the settlement, resulting in an entry of judgment by their consent, was all that was required in law or in reason. (*Fay* v. *Ames*, *supra*; *Westervelt* v. *Smith*, 2 Duer., 457; *Binnse* v. *Wood*, 37 N. Y. 530; *Rapalye* v. *Prince*, 4 Hill, 119.) Even if the covenants of Reeves and Kloppenburg were one of general indemnity, without any agreement to be bound by the result of

the suit brought against Conner, want of notice does not defeat the action upon their bond. (*Duffield* v. *Scott*, 3 T. R. 374; *Lee* v. *Clark*, 1 Hill, 56; *Aberdeen* v. *Blackmar*, 6 id. 624; *Thomas* v. *Hubbell*, 15 N. Y. 405; 35 id. 120; *Chapin* v. *Thompson*, 4 Hun, 779; *Annette* v. *Terry*, 35 N. Y. 256; *Binnse* v. *Wood*, 37 id. 530; *Konitzky* v. *Meyer*, 49 id. 571, 573, 576; *O'Brien* v. *McCann*, 58 id. 376; *Comstock* v. *Drohan*, 8 Hun, 373.) The bond being conditioned against all liability of the sheriff, and not damage merely, respondents were not required to show that the judgment had been paid. (*Johnson* v. *Gilbert*, 9 Hun, 469; *Bancroft* v. *Spear*, 44 Barb. 209; *Chase* v. *Hinman*, 8 Wend. 452; *Rockafellar* v. *Donnelly*, 8 Cow. 628; *Gilbert* v. *Weiman*, 1 Comst. 561.)

ANDREWS, J.  The obligors undertook to well and truly save, keep and bear harmless, and indemnify the plaintiffs' testator, William O. Conner, "of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments that may at any time arise, come, accrue or happen to be brought against him, for or by reason of the levying, attaching and making sale," under and by virtue of an execution issued to him as sheriff, on a judgment in favor of the defendant Dubee against one Fischer, of personal property claimed by third persons.  The undertaking was not against damage merely, but was an indemnity against liability by judgment as well. (*Rockfeller* v. *Donnelly*, 8 Cow. 623, 628; *Chace* v. *Hinman*, 8 Wend. 452.) By the general rule of law a covenant to indemnify against a future judgment, charge or liability, is broken by the recovery of a judgment, or the fixing of a charge or liability in the matter to which the covenant relates.  When the covenant is one of indemnity against the recovery of a judgment, the cause of action on the covenant is complete the moment the judgment is recovered, and an action for damages may be immediately maintained thereon, measured by the amount of the judgment, and this although the judgment has not been paid by the covenantee, and although the covenantor was not a party, or had no notice

of the former action. The covenantor in an action on a covenant of general indemnity against judgments, is concluded by the judgment recovered against the covenantee, from questioning the existence or extent of the covenantee's liability in the action in which it was rendered. The recovery of a judgment is the event against which he covenanted, and it would contravene the manifest intention and purpose of the indemnity, to make the right of the covenantee to maintain an action on the covenant, to depend upon the result of the retrial of an issue which as against the covenantee had been conclusively determined in the former action, "always, however, saving the right, as the law must in every case where the suit is between third persons, to contest the proceeding on the ground of fraudulent collusion, for the purpose of charging the surety." (COWEN, J., *Douglass* v. *Howland*, 24 Wend. 36, 55.) The general doctrine above stated is fully settled by authority. (*Chace* v. *Hinman, supra ; Gilbert* v. *Wiman*, 1 Comst. 550 ; *Methodist Churches of N. Y.* v. *Barker*, 18 N. Y. 463 ; *Rapelye* v. *Prince*, 4 Hill, 119, 120 ; *Bridgeport F. & M. Ins. Co.* v. *Wilson*, 34 N. Y. 275, 280 ; *Douglass* v. *Howland, supra.*) This case, however, presents a feature which, so far as I know, is not found in any of our reports. The judgment in the action of Kahrs against the sheriff was entered by consent. The action, after issue had been joined, was put on the calendar, where it remained for several months. Dubee, one of the obligors of the indemnity bond, and the plaintiff in the execution against Fischer, was notified of the action, and was consulted by the sheriff in respect to the litigation. It was found that there was difficulty in procuring witnesses to establish the defense, and it was finally agreed between Kahrs, Conner and Dubee that judgment should be taken in the action in favor of Kahrs for $500, and pursuant to this agreement, and by the consent of the parties thereto in open court, judgment was entered. The question is whether a judgment obtained under these circumstances, established a breach of the contract of indemnity, and justified the court in directing a verdict for the plaintiffs.

The defendants neither proved nor offered to prove that there was any defense in fact to the action of Kahrs, or that the judgment exceeded the sum which Kahrs was entitled to recover against the sheriff, or that the agreement for the adjustment of the amount, or the consent to the entry of the judgment, was fraudulent or collusive. The appellants must fail on this appeal, unless they can maintain the proposition that the judgment against the sheriff furnished neither conclusive nor presumptive evidence of a breach of the condition of the bond, or in other words, that a judgment rendered by consent was not a judgment or adjudication within the meaning of the bond. The question is not free from difficulty, but we are of opinion that the judgment, in the absence of any evidence of fraud or collusion, or any suggestion that there was a defense to the action against the sheriff, although entered upon consent of the parties to the action, presumptively at least established the liability of the defendants. The defendants executed the bond at the request and for the accommodation of Dubee. Its obvious purpose was to secure the sheriff against apprehended litigation as to the title to the property seized under the execution against Fischer. The bond was given to indemnify the sheriff against suits and judgments to which he should be a party growing out of that proceeding. The appellants did not make it a condition of their liability that they should have notice. They were satisfied that the sheriff should conduct litigations founded upon his seizure of the property without reserving any right of intervention. They committed the matter to his discretion, not indeed by express words, but by necessary implication. It is true that the sheriff was not in a legal sense the agent of the sureties to manage suits brought against him, but the sureties agreed that no judgments should be recovered against him therein. They did not limit the indemnity to judgments obtained upon an actual trial or after a contest in court, and they did not undertake to divest the sheriff of the power incident to his position as a party, to settle and adjust litigations instituted against him in view of the exigencies of the situation. It might very well

happen that a judgment founded upon a compromise or agreement without actual trial would best promote the interests of all concerned. Can it be affirmed, as a matter of law, that the conditions of the bond only covered judgments obtained upon hostile and adverse litigation, and that no discretion was left in the sheriff to consent to a judgment, although he believed that by so doing money would be saved to the parties ultimately liable? This we think would be a too strict interpretation of the contract. But at the same time to hold that a judgment entered by consent of the parties, and without notice to or approval by the sureties, is, in the absence of proof of fraud or collusion, conclusive against them, would open the door to the perpetration of secret frauds and subject sureties to a most hazardous responsibility, and to the discretion and judgment of a third person, which might seriously imperil them. A judgment by default has been held to be covered by an indemnity against judgments. (*Lee* v. *Clark*, 1 Hill, 56; *Aberdeen* v. *Blackmar*, 6 id. 324; *Annett* v. *Terry*, 35 N. Y. 256.) But where default is made the plaintiff must give proof to entitle him to judgment. While we are of opinion that the sheriff was not excluded from the protection of the indemnity by reason of the fact that the judgment was taken by his consent, we think the reasonable rule is that a judgment so obtained is presumptive evidence only against the sureties, and that they are at liberty to show that it was not founded upon any legal liability to the plaintiff in the action, or exceed such liability. We are not aware that this point has been adjudicated in our court, but this conclusion is warranted, we think, by legal and equitable considerations. In this case there is an absence of any proof impeaching the fairness or justice of the claim of Kahrs, or tending to show that the judgment exceeded the legal liability of the sheriff.

The judgment should, therefore, be affirmed.

All concur, except Ruger, Ch. J., not voting.

Judgment affirmed.