GRANT, Sheriff, *v.* TEFFT *et al.*

*(City Court of New York, General Term.* October 3, 1889.)

1. EVIDENCE—PAROL TO VARY WRITING.

In a suit on an indemnifying bond parol evidence by defendants of conditions that the sheriff would pay the amount of their executions out of the sale if they would give him the bond is inadmissible.

2. BONDS—INDEMNITY TO SHERIFF—NOTICE.

The obligors in the bond are chargeable with notice of a prior levy made under a writ which inures to the benefit of their judgment, and the bond protects the sheriff in making such levy.

3. SAME—CONSTRUCTION—EVIDENCE.

Defendants, with other judgment creditors, gave the sheriff indemnifying bonds to protect him against any damages, attorney's fees, etc., by reason of sales of personal property under their executions. The sheriff sold the property, and was sued by the assignee of the judgment creditor, who alleged title to the property. After two trials the suit was discontinued. *Held,* in a suit on the bond for attorney's fees expended, that defendants could not show that they had notified the sheriff not to defend the suit, as the other creditors were interested in the defense, and did not consent to its discontinuance.

4. SAME.

The obligors had agreed to pay counsel fees incurred by the sheriff. The sheriff, on the trial, showed payment of $1,000 counsel fee, but did not prove that it was reasonable. *Held,* that the payment was presumptive evidence of its reasonableness, when it was neither attacked by the answer of defendants nor by evidence at the trial, and was sufficient to sustain a verdict for plaintiff.

Appeal from special term.

Action on a bond of indemnity, executed by Tefft, Weller & Co., as principals, and by Andrew J. Shively, Thomas R. Armstrong, and Edward H. Branch, as sureties, to the plaintiff, as sheriff of the county. The bond recites the recovery of a judgment by Tefft, Weller & Co. against Adolph Von Der Linden for $2,174.73, the issuing of an execution thereon to the sheriff, and that certain personal property, apparently the property of the judgment debtor, was claimed by others. The condition of the obligation was that the indemnitors were to save, keep, and bear harmless the plaintiff against any damage, liability, costs, counsel fees, expenses, suits, actions, and the like, that might at any time arise, come, accrue, or happen by reason of the levying, taking, or making sale under such execution, of all or any personal property which he might judge to belong to the judgment debtor, or for or by reason of any action that might be brought against him on account thereof. There was also in the hands of the sheriff an execution against Von Der Linden, in favor of Abraham Weinberg, for $469.74, and another in favor of John Claflin and others, for $3,988.39. In each of these actions a bond of indemnity, similar in form, executed by the plaintiffs in said actions as principals and by others as sureties, was given to the plaintiff as sheriff. A sale of certain property levied on was had, and the various executions were paid in full. James J. Byrne, as general assignee of the judgment debtor, claimed title to the property, and brought action against the plaintiff to recover damages by reason of the levy thereon and sale thereof. The action was defended, tried twice, the jury on each trial disagreed, and the action was thereafter discontinued. The plaintiff paid his counsel, for defending that action, $1,000, and claimed that Tefft, Weller & Co. were liable to him for $325, their proportion of the fee. The defendants offered evidence tending to show that inducements were offered to give the bond, that conditions accompanied it, and that certain instructions were thereafter given concerning the defense of the action brought by Mr. Byrne. The evidence offered was excluded under exception. The defendants then moved to dismiss the complaint on the ground that there was no evidence of any levy on behalf of Tefft, Weller & Co., and no proof that the sum paid by the plaintiff as counsel fee was a reasonable and fair charge. The motion was denied under exception. The jury,

by direction of the court, found a verdict in favor of the plaintiff for $325, and upon the judgment entered thereon the defendants appeal.

Argued before McAdam, C. J., and Nehrbas and McGown, JJ.

*Roscoe H. Channing,* for appellants. *David Leventritt,* for respondent.

McAdam, C. J. The relevancy of the testimony ruled out must be determined by reference to the answer of the defendants, for, if relevant, it must have been offered to sustain its allegations. They allege that a levy had been made on the property of Von Der Linden under attachments issued in the two suits brought by Weinberg and Claflin; that they (the attaching creditors) had indemnified the sheriff in those actions immediately upon the making of the levy; and that the sheriff's attorneys had represented to Mr. Schell, the attorney for Tefft, Weller & Co., that the sheriff was about to sell the property levied on, and that, if they (the defendants) would give the sheriff a bond of indemnity, he would pay the amount of their execution out of the proceeds of the sale about to be made; whereupon they executed and delivered the bond sued upon. The matter pleaded constitutes no defense. The bond was delivered to the obligee, and parol evidence of conditions qualifying the delivery was inadmissible. *Cocks* v. *Barker,* 49 N. Y. 110. A bond of indemnity given to the sheriff applies as well to a levy made before the bond was given as to one made afterwards, and the obligors in a suit upon the bond are chargeable with knowledge of the prior levy. *Reilly* v. *Coleman,* 1 City Ct. R. 476. The levy made by the sheriff under the prior writs inured to the benefit of the Tefft, Weller & Co. judgment, (Crock. Sher. §§ 413, 442;) so that the admission in the answer that a levy had been made under the writs in the cases of Weinberg and Claflin sufficiently proves a levy under the execution issued on the Tefft, Weller & Co. judgment.

The next defense is that immediately after the commencement of the action by Byrne against the sheriff the defendants notified the sheriff's attorneys that they did not wish that action defended. Assuming, as we do, that ordinarily an indemnifying creditor may give such a direction in order to save the expense of a useless litigation, the rule cannot be extended to a case like the present, where other creditors have an interest in the defense of such action, and do not consent to its discontinuance. The sheriff was sued for the consequences of his levy and sale under all process in his hands, and was obliged to justify under all such writs for the joint protection of all the judgment creditors interested. True, if the sheriff had become satisfied that the action against him was well founded, and that he had no legal defense to it, he might have allowed judgment to go against him by default, or even by consent. But such a judgment would not have concluded the judgment creditors, who did not consent to that course, from proving that the alleged cause of action on which the judgment was permitted to go *pro confesso* was without foundation; and in that case the sheriff would have been obliged to pay the judgment himself, and have no remedy over on the indemnity bonds given by the objecting creditors. That the defense interposed by the sheriff to that action was meritorious is proven by the result. Two trials were had, at both of which the jury disagreed, and the plaintiff therein as a consequence finally abandoned and discontinued the prosecution. If the action had been allowed to go undefended, as the defendants seem to have desired it to have gone, the recovery against the sheriff could not have been less than the sums collected and paid over, which aggregate $6,232.86, and this without considering the expense connected with the levy and sale. In consequence of the defense by the sheriff, the indemnitors, instead of being called upon to pay their proportionate amount of the damages and costs that might have been recovered in the Byrne action, are now called upon to pay only their proportionate share of the $1,000 fee paid for conducting such defense. When the defendants executed the bond of indemnity they knew that other creditors had issued process against

the same debtor; they knew that a levy had been made under these prior writs, and that the creditors issuing them had indemnified the sheriff; and with this knowledge they executed the bond in suit, and became a party to the act of levy and sale, jointly with the other obligors, to such an extent that Byrne could have prosecuted the indemnitors jointly, either with or without the presence of the sheriff as a party defendant. Barb. Parties, 203, 204; 1 Cow. Treat. § 765; *Herring* v. *Hoppock*, 15 N. Y. 409. If such an action had been brought, Tefft, Weller & Co. could have allowed it to have gone by default, so far as they were concerned; but they could not have prevented Weinberg and Claflin from defending the action, nor could they have escaped the entry of a joint judgment against all for damages and costs if Byrne had ultimately succeeded. *Delatour* v. *Bricker*, 2 City Ct. R. 22. On principle, Tefft, Weller & Co. stand in no better position now. They must, so far as that suit is concerned, be considered joint tort-feasors with Weinberg and Claflin. They were, in effect, sued as such, and their liabilities must be determined with reference to the nature of that action and its legal consequences. The defendants assumed this position by their bond of indemnity, and could not change the nature of their liability by the giving of a notice in which the other creditors and indemnitors jointly liable with them neither joined nor approved. The evidence as to such notice was therefore properly excluded.

The only other question to be considered is the exception to the refusal to dismiss the complaint on the ground that there was no evidence that the fee paid by the plaintiff to his counsel, $1,000, was a fair and reasonable charge. In an action against indemnitors the practical question will always be what the plaintiff was obliged or authorized to pay, both in respect to the principal and incidental costs or expenses. 1 Suth. Dam. 135. The plaintiff was authorized, for he was under legal obligation to pay his counsel a reasonable fee, and this they agreed upon and fixed at $1,000, and the payment of this sum created a legal presumption that it was a fair and reasonable charge. If the plaintiff's counsel had sued him to recover $1,000, and he had suffered a recovery by default, or even consented to judgment therefor, such a presumption would certainly have attached. The court of appeals, in *Conner* v. *Reeves*, 103 N. Y. 527, 9 N. E. Rep. 439, committed itself to this principle, which in the opinion of the court, Judge ANDREWS says, "presents a feature not found in any of our Reports." In the case cited the court says: "The bond was given to indemnify the sheriff against suits and judgments to which he should be a party, growing out of that proceeding. The appellants did not make it a condition of their liability that they should have notice. They were satisfied that the sheriff should conduct litigations founded upon his seizure of the property, without reserving any right of intervention. They committed the matter to his discretion, not, indeed, by express words, but by necessary implication. It is true that the sheriff was not in a legal sense the agent of the sureties to manage suits brought against him, but the sureties agreed that no judgments should be recovered against him therein. They did not limit the indemnity to judgments obtained upon an actual trial, or after a contest in court, and they did not undertake to divest the sheriff of the power incident to his position as a party to settle and adjust litigations instituted against him in view of the exigencies of the situation. It might very well happen that a judgment founded upon a compromise or agreement without actual trial would best promote the interest of all concerned." The rule is that a judgment recovered after actual trial is conclusive on the indemnitors, while a judgment conferred is presumptive evidence only against the sureties, who are at liberty to show that it was not founded on any liability to the plaintiff in the action, or exceeds such liability. Id. It follows as a legal sequence that, if the sheriff may fix a presumptive liability by suffering a recovery by default or confessing a judgment, he may, without incurring the expense of a judgment, confess the liability by payment without a suit, leav-

ing the indemnitors to attack it by proof that it was not founded on any liability, or that the bill paid was excessive in amount, and therefore exceeded the legal liability; or, as was said in *U. S.* v. *Behan,* 110 U. S. 345, 346, 4 Sup. Ct. Rep. 81, it will not do to say that the injured party has not been damaged at least to the amount which he has been induced fairly and in good faith to lay out and expend, unless the party objecting "can show that the expenses of the party injured have been extravagant and unnecessary for the purpose of carrying out the contract." If the sheriff believed the charge to be reasonable he was bound to pay it. He had no right, because he had an indemnity, to defend a hopeless action, and put the indemnitors to a useless expense attempting to defend himself against it. See cases cited in Wood's Mayne, Dam. 134. The condition of the bond was to protect the sheriff, not only against actions and judgment, but "counsel fees" incurred in defense of actions as well. The plaintiff relied upon the payment as evidence, and did not, therefore, plead the reasonableness of the fee paid. The defendants should have attacked the reasonableness of the charge in their answer, if they thought the sum paid exorbitant, and should have followed it up by proof of its excessiveness at the trial, because the payment was only presumptive, not exclusive, evidence of its propriety. If the charge had been attacked by evidence that it was excessive, the plaintiff could only have recovered what was found to be fair and reasonable. 1 Suth. Dam. 799. The rendition of an attorney's bill, not paid, is not conclusive evidence of value, even as between attorney and client. *Williams* v. *Glenny,* 16 N. Y. 389. If paid, it constitutes a good accord and satisfaction. Id. If the sheriff had not paid the bill, the question of value would have been an open one. Having paid it, he presumptively did so because he was obliged to pay it; and he simply ran the chance of being compelled to prove its reasonableness, if first attacked by evidence that it was excessive. It was not so attacked, and the presumption of its accuracy properly prevailed. It will not do to imply that what a person pays in the market for a marketable commodity furnishes some evidence of its value, and to assume that what a client pays his lawyer is of such doubtful character as to require proof in the first instance that the latter did not cheat the former by extravagant charges. If a merchant sues for the value of an article, or an artisan or a professional man for his fees, he must, if it be disputed, prove their reasonable value, because the price named by the one is disputed by the other; but where the bill is paid by a person acting under a bond of indemnity it is not going too far to presume in the first instance that the charge made by the one and acquiesced in by the other, followed by payment, carries with it at least the presumption that it was fair, leaving those who desire to question its propriety to attack it by proof to the contrary. Upon the entire record we are of opinion that no legal error was committed at the trial, and that the direction to find a verdict for $325, the defendants' proportionate share of the expense incurred and paid in defending the Byrne suit, was proper, and that the judgment entered on such direction must be affirmed, with costs. All concur.