Grant *v.* Tefft.

carriage of any of the insurance companies, but related simply to the mode of payment for the goods he had purchased. As to the portion of such sum which was to reach plaintiff through the conduit of the Citizens Insurance Company of Mobile, the clause of the contract providing that in case of the insolvency of any company its proportion should be paid directly to plaintiff applied, and this action is maintainable for such amount, which it does not appear defendant has paid out at all.

Upon plaintiff's theory of the transaction, which the jury have accepted, the obvious consideration for the contract moving from plaintiff was the parting with title in the merchandise in question. The verdict is not against the weight of evidence so as to induce us to interfere with it. The sale was a peculiar one, but, on the other hand, we would not feel called upon to say that defendant was not induced to enter into such an arrangement in order to adjust and terminate a tedious negotiation.

The judgment and order appealed from should be affirmed, with costs.

BOOKSTAVER and BISCHOFF, JJ., concurred.

Judgment affirmed, with costs.

---

HUGH J. GRANT, Late Sheriff of the City and County of New York, Respondent, *against* ERASTUS T. TEFFT *et al.*, Appellants.

(Decided February 10th, 1890.)

Persons who, with others, have indemnified a sheriff for selling goods of a judgment debtor, cannot escape payment of their share of expenses incurred by the sheriff in defending an action for conversion of the goods, brought against him by the assignee of the debtor for benefit of creditors, on the ground that they represented to the sheriff, when they signed the bond of indemnity, that they had been preferred as creditors and did not wish to attack the assignment, and subsequently, that they did not wish the sheriff to defend the action for conversion.

The payment by a sheriff of a fee to his counsel for defending an action creates a legal presumption, in a subsequent action by the sheriff against his indemnitors, that it was a fair and reasonable charge, which is conclusive unless defendant alleges and proves that it is unreasonable.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury directed by the court and an order denying a motion for a new trial.

The facts are stated in the following opinion of the General Term of the City Court, rendered by McADAM, Ch. J.:—

" The action is on a bond of indemnity, executed by Tefft, Weller & Co., as principals, and by Andrew J. Shively, Thomas R. Armstrong and Edward H. Branch, as sureties, to the plaintiff, as sheriff of the county.' The bond recites the recovery of a judgment by Tefft, Weller & Co. against Adolph Von Der Linden, for $2,174.73, the issuing of an execution thereon to the sheriff, and that certain personal property, apparently the property of the judgment debtor, was claimed by others. The condition of the obligation was that the indemnitors were to save, keep and bear harmless the plaintiff against any damage, liability, costs, counsel fees, expenses, suits, actions, and the like, that might at any time arise, come, accrue, or happen by reason of the levying, taking, or making sale under such execution of all or any personal property which he might judge to belong to the judgment debtor, or for or by reason of any action that might be brought against him on account thereof. There was also in the hands of the sheriff an execution against Von Der Linden in favor of Abraham Weinberg, for $469.74, and another in favor of John Claflin and others for $3,988.39. In each of these actions a bond of indemnity similar in form, executed by the plaintiffs in said actions as principals, and by others as sureties, was given to the plaintiff as sheriff.

" A sale of certain property levied on was had and the various executions were paid in full. James J. Byrne, as general assignee of the judgment debtor, claimed title to the property, and brought action against the plaintiff to recover

damages by reason of the levy thereon and sale thereof. The action was defended, tried twice ; the jury on each trial disagreed, and the action was thereafter discontinued. The plaintiff paid his counsel for defending that action $1,000, and claimed that Tefft, Weller & Co. were liable to him for $325, their proportion of the fee. The defendants offered evidence tending to show that inducements were offered to give the bond, that conditions accompanied it, and that certain instructions were thereafter given concerning the defense of the action brought by Mr. Byrne.

" The evidence offered was excluded under exception.

. " The defendants then moved to dismiss the complaint on the ground that there was no evidence of any levy on behalf of Tefft, Weller & Co., and no proof that the sum paid by the plaintiff as counsel fee was a reasonable and fair charge. The motion was denied under exception.

" The jury, by direction of the court, found a verdict in favor of the plaintiff for $325, and from the judgment entered thereon the defendants appeal.

" The relevancy of the testimony ruled out must be determined by reference to the answer of the defendants, for if relevant it must have been offered to sustain its allegations. They allege that a levy had been made on the property of Von Der Linden, under attachments issued in the two suits brought by Weinberg and Claflin, that they (the attaching creditors) had indemnified the sheriff in those actions immediately upon the making of the levy, and that the sheriff's attorneys had represented to Mr. Schell, the attorney for Tefft, Weller & Co., that the sheriff was about to sell the property levied on, and that if they (the defendants) would give the sheriff a bond of indemnity he would pay the amount of their execution out of the proceeds of the sale about to be made, whereupon they executed and delivered the bond sued upon.

" The matter pleaded constitutes no defense. The bond was delivered to the obligee, and parol evidence of conditions qualifying the delivery was inadmissible ( *Cocks* v. *Barker*,

45 N. Y. 110). A bond of indemnity given to the sheriff applies as well to a levy made before the bond was given as to one made afterward, and the obligors in a suit upon the bond are chargeable with the knowledge of the prior levy (*Reilly* v. *Coleman*, 1 City Ct. Rep. 476). The levy made by the sheriff under the prior writs enured to the benefit of the Tefft, Weller & Co. judgment (Crocker on Sheriffs §§ 413, 442), so that the admission in the answer that a levy had been made under the writs in the cases of Weinberg and Claflin sufficiently proves a levy under the execution issued on the Tefft, Weller & Co. judgment.

" The next defense is that, immediately after the commencement of the action by Byrne against the sheriff, the defendants notified the sheriff's attorneys that they did not wish that action defended. Assuming, as we do, that ordinarily an indemnifying creditor may give such a direction, in order to save the expense of a useless litigation, the rule cannot be extended to a case like the present, where other creditors have an interest in the defense of such action and do not consent to its discontinuance. The sheriff was sued for the consequences of his levy and sale under all process in his hands, and was obliged to justify under all such writs for the joint protection of all the judgment creditors interested.

" True, if the sheriff had become satisfied that the action against him was well founded, and that he had no legal defense to it, he might have allowed judgment to go against him by default, or even by consent. But such a judgment would not have concluded the judgment creditors who did not consent to that course from proving that the alleged cause of action on which the judgment was permitted to go *pro confesso* was without foundation; and in that case the sheriff would have been obliged to pay the judgment himself and have no remedy over on the indemnity bonds given by the objecting creditors.

" That the defense interposed by the sheriff to that action was meritorious is proven by the result. Two trials were

Grant v. Tefft.

had, at both of which the jury disagreed, and the plaintiff therein, as a consequence, finally abandoned and discontinued the prosecution. If the action had been allowed to go undefended, as the defendants seem to have desired it to have gone, the recovery against the sheriff could not have been less than the sums collected and paid over, which aggregate $6,232.86, and this without considering the .expense connected with the levy and sale. In consequence of the defense by the sheriff, the indemnitors, instead of being called upon to pay their proportionate amount of the damages and costs that might have been recovered in the Byrne action, are now called upon to pay only their proportionate share of the $1,000 fee paid for conducting such defense.

" When the defendants executed the bond of indemnity they knew that other creditors had issued process against the same debtor; they knew that a levy had been made under these prior writs, and that the creditors issuing them had indemnified the sheriff, and with this knowledge they executed the bond in suit, and became parties to the act of levy and sale jointly with the other obligors, to such an extent that Byrne could have prosecuted the indemnitors jointly, either with or without the presence of the sheriff as a party defendant (Barbour.on Parties, 203, 204; Cowen Treatise, § 765; *Herring* v. *Hoppock*, 15 N. Y. 409).

" If such an action had been brought, Tefft, Weller & Co. could have allowed it to have gone by default, so far as they were concerned, but they could not have prevented Weinberg and Claflin from defending the action, nor could they have escaped the entry of a joint judgment against all for damages and costs, if Byrne had ultimately succeeded (*Delatour* v. *Bricker*, 2 City Ct. Rep. 22). On principle, Tefft, Weller & Co. stand in no better position now. They must, so far as that suit is concerned, be considered *joint tort-feasors* with Weinberg and Claflin. They were, in effect, sued as such, and their liabilities must be determined with reference to the nature of that action and its legal consequences.

" The defendants assumed this position by their bond of in-

demnity, and could not change the nature of their liability by the giving of a notice in which the other creditors and indemnitors jointly liable with them neither joined nor approved. The evidence as to such notice was therefore properly excluded. The only other question to be considered is the exception to the refusal to dismiss the complaint on the ground that there was no evidence that the fee paid by the plaintiff to his counsel, $1,000, was a fair and reasonable charge.

" In an action against indemnitors the practical question will always be what the plaintiff was obliged or authorized to pay, both in respect to the principal and incidental costs or expenses (1 Sutherland on Damages, 135).

"The plaintiff was authorized, for he was under legal obligation, to pay his counsel a reasonable fee, and this was agreed upon and fixed at $1,000, and the payment of this sum created a legal presumption that it was a fair and reasonable charge. If the plaintiff's counsel had sued him to recover $1,000, and he had suffered a recovery by default, or even consented to judgment therefor, such a presumption would certainly have attached. The Court of Appeals, in *Connor* v. *Reaves* (103 N. Y. 527), committed itself to this principle, which, in the opinion of the court, Judge ANDREWS says, 'presents a feature not found in any of our reports.'

"In the case cited the court says: ' The bond was given to indemnify the sheriff against suits and judgments to which he should be a party, growing out of that proceeding. The appellants did not make it a condition of their liability that they should have notice. They were satisfied that the sheriff should conduct litigations founded on his seizure of the property without reserving any right of intervention. They committed the matter to his discretion—not, indeed, by express words, but by necessary implication. It is true, the sheriff was not in a legal sense the agent of the sureties to manage suits brought against him, but the sureties agreed that no judgments should be recovered against him therein. They did not limit the indemnity to judgments obtained upon

an actual trial, or after a contest in court, and they did not undertake to divest the sheriff of the power incidental to his position as a party to settle and adjust litigations instituted against him in view of the exigencies of the situation. It might very well happen that a judgment founded upon a compromise or agreement without actual trial would best promote the interest of all concerned.' The rule is that a judgment recovered after actual trial is conclusive on the indemnitors, while a judgment confessed is presumptive evidence only against the sureties, who are at liberty to show that it was not founded on any liability to the plaintiff in the action, or exceeds such liability (*Connor* v. *Reaves, supra*). It follows, as a legal sequence, that if the sheriff may fix a presumptive liability by suffering a recovery by default or confessing a judgment, he may, without incurring the expense of a judgment, confess the liability by payment without a suit, leaving the indemnitors to attack it by proof that it was not founded on any liability, or that the bill paid was excessive in amount, and therefore exceeded the legal liability; or, as was said in *U. S.* v. *Behan* (110 U. S. at pp. 345, 346), it will not do to say that the injured party has not been damaged at least to the amount which he has been induced fairly and in good faith to lay out and expend, unless the party objecting ' can show that the expenses of the party injured have been extravagant and unnecessary for the purpose of carrying out the contract.' If the sheriff believed the charge to be reasonable he was bound to pay it; he had no right, because he had an indemnity, to defend a hopeless action, and put the indemnitors to a useless expense attempting to defend himself against it. (See cases cited in Wood's Mayne on Damages 134.) The condition of the bond was to protect the sheriff, not only against actions and judgments, but ' counsel fees ' incurred in defense of actions as well. The plaintiff relied upon the payment as evidence, and did not, therefore, plead the reasonableness of the fee paid. The defendants should have attacked the reasonableness of the charge in their answer, if they thought the sum paid exorbit-

ant, and should have followed it up by proof of its excessive-
ness at the trial, because the payment was only presumptive,
not conclusive, evidence of its propriety. If the charge had
been attacked by evidence that it was excessive, the plaintiff
could only have recovered what was found to be fair and
reasonable (1 Sutherland on Damages 799). The rendition
of an attorney's bill, not paid, is not conclusive evidence of
value even as between attorney and client ( *Williams* v. *Glenny*,
16 N. Y. 389). If paid, it constitutes a good accord and
satisfaction (*Ib*). If the sheriff had not paid the bill, the
question of value would have been an open one ; having paid
it, he presumptively did so because he was obliged to pay it,
and he simply ran the chance of being compelled to prove its
reasonableness if first attacked by evidence that it was exces-
sive. It was not so attacked, and the presumption of its
accuracy properly prevailed. It will not do to imply that
what a person pays in the market for a marketable com-
modity furnishes some evidence of its value, and to assume
that what a client pays his lawyer is of such doubtful charac-
ter as to require proof, in the first instance, that the latter
did not cheat the former by extravagant charges. If a mer-
chant sues for the value of an article, or an artisan or a pro-
fessional man for his fees, he must, if it be disputed, prove
their reasonable value, because the price named by the one
is disputed by the other ; but where the bill is paid by a per-
son acting under a bond of indemnity it is not going too far
to presume, in the first instance, that the charge made by the
one and acquiesced in by the other, followed by payment,
carries with it at least the presumption that it was fair, leav-
ing those who desire to question its propriety to attack it by
proof to the contrary.

"Upon the entire record we are of opinion that no legal
error was committed at the trial, and that the direction to find
a verdict for $325, the defendant's proportionate share of the
expense incurred and paid in defending the Byrne suit, was
proper, and that the judgment entered on such direction must
be affirmed with costs."

From the judgment of the General Term of the City Court entered in accordance with this opinion defendants appealed to this court.

*Roscoe H. Channing*, for appellants.

*David Leventritt*, for respondent.

LARREMORE, Ch. J.—Appellants could not succeed in this action without being allowed to occupy two absolutely inconsistent positions. They had formally indemnified the sheriff, and he, relying upon their bond and those of other judgment creditors, sold the property which he had before levied on, and collected and paid over to them the amount of their claim. But, at the time of giving such bond, defendants allege that they represented to the sheriff that they were preferred as creditors in an assignment which by that time had been made by the judgment debtors, and that they did not wish to attack such assignment. They also aver that later, when the action was brought by the assignee against the sheriff to recover damages for the wrongful conversion of the very property which defendants had indemnified the sheriff to sell, they notified the sheriff that they did not wish such action defended. These matters they seek to set up as defenses in the present action to recover from them, under their bond of indemnity, their proportionate share of the expense incurred by the sheriff in defending such action. A mere statement of their position is sufficient to make it plain that no court could sanction such a double-faced policy on the part of any litigant. Defendants desired to have the benefit of a sale under execution, in order to secure prompt payment of their claim. On the other hand, as the ultimate payment thereof was secured by the preference in the assignment, they propose to escape reimbursing the sheriff for the liabilities and expenses incurred in carrying through the execution sale and defending himself from the consequences thereof. The legal status of the matter is simply that, in the face of the bond of indemnity, their oral notices were

meaningless and nugatory. By indemnifying the sheriff they elected to collect the debt by execution, and this action on their part necessarily contemplated the incurring of every liability legitimately arising out of the pursuit of that remedy. In company with the other judgment creditors they put upon the sheriff the obligation to perform certain acts involving personal risk, and, after he had started upon such course, he could not withdraw. The sheriff, having sold the property relying upon his bonds, the defending of the action brought by the assignee was something which he could not avoid. The expense incurred in such defense was one of the charges fairly covered by said bonds, and defendants are very properly compelled to pay their proportionate share thereof.

For the reasons stated in the opinion of McADAM, Ch. J., at the General Term of the City Court, we think there was sufficient in the case to support the finding by the trial judge as to the reasonable value of the services rendered.

The judgment appealed from should be affirmed, with costs.

BOOKSTAVER and BISCHOFF, JJ., concurred.

Judgment affirmed, with costs.