TEAGUE v. COLLINS.

(Filed December 18, 1903).

1. ACTIONS—*Misjoinder—Demurrer—Waiver—Pleadings—Exceptions and Objections.*

An objection to a misjoinder of causes of action must be taken by demurrer, and if the defendants answer the objection is waived.

2. INDEMNITY BONDS—*Sheriffs—Judgments.*

Where an indemnity bond is given to a sheriff to pay such sums as may be recovered against him, there is a forfeiture when judgment is taken against him.

3. INDEMNITY BOND—*Sheriffs—Levy—Possession.*

Where a sheriff makes a sale of property levied on, though a third person has sued him for and taken possession of the property, he is entitled to enforce an indemnity bond given to induce him to sell.

4. ACTIONS—*Indemnity Bonds—Executions—Sheriffs.*

A sheriff may maintain one action on the bonds given to indemnify him on proceeding with a sale of property levied on under execution.

ACTION by J. F. Teague against D. K. Collins and others, heard by *Judge W. B. Council* and a jury, at March Term, 1903, of the Superior Court of SWAIN County. From a judgment for the defendants the plaintiff appealed.

*A. M. Fry,* for the plaintiff.
*Jones & Johnston,* for the defendant.

CONNOR, J. During the months of July and August, 1896, a number of executions were placed in the hands of the plaintiff (the Sheriff) against Coffin & McDonald, which,

by direction of the plaintiffs in the executions, were levied upon certain lumber claimed by W. W. Ladd to be his property. After the levy upon the lumber, the same was advertised for sale, and Ladd instituted an action against the plaintiff for the recovery thereof, and the coroner, under process issued in said action, took the lumber from the possession of the plaintiff and delivered it to the attorney of Ladd.

The plaintiff testified: "I reported to the attorney of the plaintiff in the executions, and told him I would have to turn the lumber over unless his clients gave me an indemnity bond or bonds. The result was that the bonds sued on were given me. After this I promised to sell the lumber. * * * The lumber was sold within twenty minutes after the indemnity bonds were signed.

"The defendants in the action of *Ladd v. Teague* knew at the time of the sale by me, under the executions referred to, that the suit had been brought against me and the papers served on me in the case. They told me to go ahead and not notice anything the Coroner did. * * * They said they would give indemnity bonds and make me sell. The bonds were given then and the sales followed."

The bonds contained the following condition: "Now, therefore, this is to indemnify the said Sheriff, and the condition of the above obligation is that in case the said Sheriff goes on and executes his levy of sale of said lumber, and in the final determination of the above action of claim and delivery, judgment is rendered against him and in favor of W. W. Ladd, then in that case the foregoing parties to this bond shall pay or cause to be paid such sums as he may recover, not, however, to exceed the amount of this bond; then in that case this bond shall be in full force and effect, otherwise to be null and void."

The plaintiff introduced the judgment rendered in the case of *W. W. Ladd v. J. F. Teague,* in which it was adjudged

that the plaintiff Ladd was the owner of the lumber, and that he recover of the defendant the sum of $377 as damages for the unlawful and wrongful detention of the aforesaid property. The judgment was rendered December 21, 1897. The defendant testified that he had not paid the judgment. It was further in evidence that the lumber had been in the Sheriff's hands about sixty days, and that after the sale the purchasers delivered it to W. W. Ladd. At the close of the plaintiff's evidence the defendants moved for judgment of nonsuit, for that—

1. There is no evidence that the plaintiff has ever suffered any damage.

2. There is a misjoinder of actions, and the Court has no jurisdiction.

3. That the lumber was in the custody of the law and the plaintiff had no authority to sell, and he knew this at the time he received bonds of indemnity and when he attempted to sell; that in fact there was no sale under the executions by the Sheriff, for the reason that the levy, if such had ever been made, had been released by the Sheriff to the Coroner, and after such release of levy no consideration passed from the bidder to the Sheriff in the way of costs, or otherwise, in settlement of the executions.

The motion was granted and judgment of nonsuit signed, from which the plaintiff appealed.

In regard to the motion for nonsuit for misjoinder of causes of action, it is sufficient to say that the objection, if valid, should have been taken by demurrer. When the defendants jointly answered the complaint they waived the objection. *McMillan v. Edwards,* 75 N. C., 81; *Hall v. Turner,* 111 N. C., 181.

"That there is no evidence that the plaintiff has suffered any damage"; the condition of the bond is not confined to an indemnity against loss, damage or harm, by reason of mak-

ing the sale of the timber, but an undertaking to pay such sums as Ladd "may recover," which language we construe to be much broader and more extensive than "to indemnify and save harmless from loss, damage or harm," etc. The exact question came before the Court of Appeals of New York in *Conner v. Reeves,* 103 N. Y., 527, wherein *Andrews, J.,* says: "The undertaking was not against damage merely, but was an indemnity against liability by judgment as well. By the general rule of law a covenant to indemnify against a future judgment, charge or liability, is broken by the recovery of a judgment, or the fixing of a charge or liability in the matter to which the judgment relates. When the covenant is one of indemnity against the recovery of a judgment the cause of action on the covenant is complete the moment the judgment is recovered, and an action for damages may be immediately maintained thereon, measured by the amount of the judgment, and this although the judgment has not been paid by the covenantee, and although the covenantor was not a party, or had no notice of the former action. *   *   * The recovery of a judgment is the event against which he covenanted."

The plaintiff in that case was a Sheriff, and the suit on a bond very similar in its terms to the one upon which this action is brought. The cases are singularly alike, and we concur in the view of the New York Court.

In regard to the third ground of the defendant's motion for nonsuit, we do not think that the property was in the custody of the law. By the levy the lumber was in the possession of the Sheriff. It was taken from his possession by the Coroner, and, the testimony shows, had been delivered to the attorney of Ladd. This action did not affect the lien created by the levy of the executions; it only disturbed the Sheriff's possession. If the plaintiff had failed in his action the sale made by the Sheriff would have been in all respects

valid and passed title to the purchaser. We do not perceive how the action of Ladd could affect the levy made by the Sheriff. The sale was, of course, only of such interest as Coffin & McDonald had in the lumber. The defendants understood the situation and told the plaintiff "to go ahead and not notice anything the Coroner did." The bonds were given to induce the Sheriff to proceed with the sale, and by reason of their execution he did so. We think that he is entitled to maintain his action upon the covenant.

We see no reason why the defendants may not be joined in one action, so that the Court may apportion the liability of each bond and of the several sureties thereon. This course is in harmony with The Code practice to settle all matters in controversy, so far as may be consistent with the rights of the parties, in one action.

The judgment of nonsuit must be reversed and a new trial had.

New Trial.