E. R. THOMAS MOTOR BRANCH CO. v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Division, First Department.   November 8, 1912.)

1. JUDGMENT (§ 167*)—DEFAULT—UNDERTAKING—LIABILITY OF SURETY.
    Where a judgment by default was set aside on defendant giving an undertaking conditioned on the payment of any judgment plaintiff might finally recover, and thereafter defendant filed a counterclaim, which he withdrew, and consented to judgment for plaintiff on specified conditions, the judgment for plaintiff was within the undertaking, and, in the absence of fraud or collusion, was prima facie evidence against the surety.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334;  Dec. Dig. § 167.*]

2. PRINCIPAL AND SURETY (§ 104*)—DISCHARGE OF SURETY.
    A defendant procured the setting aside of a default judgment on giving an undertaking to pay any judgment finally recovered, and thereafter filed a counterclaim, which was withdrawn, pursuant to a stipulation providing that plaintiff might take judgment for the full amount of his claim, that within 30 days defendant should sue on the counterclaim, that plaintiff should give defendant an undertaking, not later than 20 days after the commencement of such action, to pay any judgment recovered therein, that plaintiff should take no steps for the collection of his judgment, but, in case of his failure to give the undertaking within the time fixed, defendant could, within 10 days from the expiration of such time, move to set aside the judgment, and that defendant agreed within 5 days after delivery of the undertaking to pay the judgment, and, if he failed to do so, plaintiff could enforce the judgment.   On the call of the calendar, an order was entered on consent that plaintiff should have judgment.   About 18 days later, plaintiff filed the undertaking, and 6 days later he entered judgment against defendant.   *Held*, that the extension of time granted defendant did not release the surety on his undertaking; the agreement of defendant to pay the judgment within five days not involving any agreement on plaintiff's part to forego proceedings to enforce the judgment during that time.
    [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 186–190, 193–195, 197–199, 200;  Dec. Dig. § 104.*]

Appeal from Trial Term, New York County.

Action by the E. R. Thomas Motor Branch Company against the United States Fidelity & Guaranty Company.   From a judgment for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and judgment directed for plaintiff.

See, also, 136 N. Y. Supp. 1135.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

George A. McLaughlin, of New York City, for appellant.

Lewis Johnston, of New York City, for respondent.

MILLER, J.   This plaintiff brought an action against the S. & V. Motor Company, and on the 19th of April, 1911, entered a judgment by default for the sum of $3,264.17.   Thereafter a motion was made to open the default, which was consented to on condition that the defendant file a bond conditioned to pay any judgment the plaintiff might recover, and on that consent an order was entered on the 22d day of May, 1911, opening the default; the defendant having executed and filed an undertaking "that if the plaintiff above named" (the plaintiff in this action) "shall finally recover any judgment herein against the defendant above named" (the said S. & V. Motor Company) "that the defendant will pay the sum recovered or directed to be paid by the judgment, not exceeding the sum of $3,500."   It is plainly to be inferred that the default was taken for failure to answer. No reference is made in the order opening the default, or in the said consent, or in the undertaking, to a proposed answer; but an answer was served, presumably after the default was opened, which, among other things, set up a counterclaim for the sum of $8,000.

Thereafter, and on the 27th of June, 1911, the parties to that action entered into a stipulation whereby the defendant withdrew its counterclaim and answer, and consented that the plaintiff might take judgment for the full amount of its claim on certain specified conditions, viz., that within 30 days, the defendant should bring an action against the plaintiff on the matters set up in its counterclaim;  (2) that the plaintiff should give the defendant an undertaking either before, or not later than 20 days after, the commencement of such an action, conditioned to pay any judgment recovered therein;  (3) that the plaintiff should take no steps for the enforcement and collection of its judgment before making and giving said undertaking;  (4) that, in case of the plaintiff's failure to give the undertaking within the time provided for, the defendant might within 10 days from the expiration of said time move to open and set aside the judgment, in which case it was to be set aside and the cause restored to the short-cause calendar, but, unless such a motion was made within 10 days, the judgment was to stand, and the plaintiff was to be at liberty to proceed to collect it; and (5) the defendant agreed within 5 days after the delivery of said bond, unless it was a surety company's bond, to pay the judgment thus consented to, and, in the event of its failure to do so, the bond given pursuant to the consent was to be null and void, the plaintiff was to be at liberty to enforce the collection of said judgment and without opposition thereto by the defendant to move for an order canceling said bond as of record.   On June 28, 1911, on the call of the calendar, an order was entered on consent in

open court that the plaintiff have judgment against the defendant for the sum of $3,262.09. On July 15, 1911, the plaintiff filed an undertaking of the National Surety Company, pursuant to said stipulation, and on July 21st entered judgment against the said defendant, the S. & V. Motor Company, in the sum of $3,329.87.

This action is brought against the defendant on its undertaking, and two questions are involved, viz.: (1) Is the judgment of the plaintiff against the S. & V. Motor Company within the terms of the undertaking? And (2) was the defendant discharged by an extension of time granted to its principal? Counsel on behalf of the defendant stated during the trial that it made "no charge of fraud or collusion."

[1] The defendant's agreement was that, if the plaintiff should finally recover any judgment against the S. & V. Motor Company, it would pay the sum directed to be paid. A judgment is none the less recovered in an action, though it be by consent or on default. If the defendant had served an answer, without setting up a counterclaim, and then had failed to appear at the trial, the judgment recovered at the trial would still have been "recovered" within the meaning of the undertaking. We fail to perceive any distinction between a tacit consent as upon failure to appear, and an express consent by written stipulation. The defendant in that action interposed a counterclaim, but it was not bound to do so, and there is nothing in the order opening the default, in the consent upon which it was entered, or in the undertaking itself to indicate that the latter was given with the understanding or on the assumption that the answer should set up a counterclaim. The defendant in this action cannot, in the absence of fraud or collusion, complain of the withdrawal by the defendant in that action of a counterclaim which it was not bound to plead in the first instance. There is nothing in this record tending to show that the plaintiff was not justly entitled to the judgment recovered by it against the defendant's principal, and a judgment recovered by consent is within the terms of such an undertaking as the one in suit and, in the absence of fraud or collusion, is presumptive evidence against the obligor. Conner v. Reeves, 103 N. Y. 527, 9 N. E. 439. The respondent relies chiefly upon Foo Long v. American Surety Co., 146 N. Y. 251, 40 N. E. 730, in which a distinction was made between the limited undertaking involved in that case and a comprehensive one like that involved in the case at bar and in Conner v. Reeves.

[2] We do not consider the stipulation pursuant to which the judgment against the defendant's principal was entered as an agreement to extend the time of entering the judgment, or to forego the issuance of an execution thereon. As a condition of getting its judgment, the plaintiff was to give an undertaking, and was to acquire no rights until it did so. It could have given its undertaking, entered its judgment, and proceeded to enforce it forthwith. The agreement of the defendant to pay the judgment within 5 days after the undertaking was given did not involve an agreement on the plaintiff's part to forego proceedings to enforce the collection of the judgment during that time. As the plaintiff was not precluded by its stipulation from entering judgment, and proceeding to collect it forthwith, the slight

delay in procuring the undertaking and in entering the judgment was a mere incident, and it has been decided that:

"The mere postponement of one of the ordinary proceedings in a case in which such an undertaking has been given does not release the sureties." Steinbock v. Evans, 122 N. Y. 551, 25 N. E. 929.

This case is not at all like Montrose v. Levenson, 114 N. Y. Supp. 136, affirmed by this court without opinion 132 App. Div. 928, 118 N. Y. Supp. 1125, in which there was a stipulation that judgment should not be entered until four months later.

The defendant may be entitled to be subrogated to the right of its principal to proceed on its counterclaim and to its interest in the security furnished by this plaintiff. But that is a matter not now before us.

The judgment and order should be reversed, and judgment directed for the plaintiff, with costs in this court and in the court below. All concur.