Johnson, Ch. J.
This action is upon a promissory note made by one McGervey, payable to the order of James Moore, and indorsed in blank by John A. Cross, James Moore and John McUamee. The plaintiff is the James Moore to whose order the note is payable. It was proved that, upon a negotiation for a sale of coal by Moore to McGervey, Moore agreed to sell him the coal for his note, indorsed by Cross, and that for this purpose Cross indorsed the note. The sale accordingly took place, and the coal and the note indorsed by Cross were respectively delivered. The note was discounted for Moore at the Atlantic Bank, and being unpaid at maturity was duly *228 demanded and notice duly given to Cross. It was subsequently taken up at the bank by Moore, the plaintiff. The question is whether, on this state of facts, Moore can recover in this action against Cross.
It is quite conceivable that, in the ordinary course of business, a promissory note may, before it falls due, come to the hands of a person who already appears upon it as payee or indorser. In such a case he cannot maintain an action against any of the parties whose indorsements are subsequent to the first appearance of his name. The legal reason is that each of those persons, on paying to him the note, would have an immediate right to demand payment from him on his earlier indorsement. The law, to avoid this circuity, denies an action to a party thus situated. If the note had passed through his hands without indorsement, or if it had been indorsed without recourse by him, the reason would not exist; and there could be no objection, founded on his prior holding or indorsement, to the maintenance of. an action by him against the parties liable on the note.
Again, if a note be made and indorsed for the accommodation of A., who indorses it to another person, and afterward, in the course of trade, again becomes the holder, he could maintain no action against the maker and indorser for his accommodation, notwithstanding their apparent liability to him on the face of the paper. The fact of the accommodation making and indorsing might be proved to defeat the action, and it would establish that the agreement of the parties, contrary to the legal inference from the face of the paper, did not impose a liability on the maker and indorser to pay the party suing. This, in principle, is very like what the plaintiff seeks to maintain in this case. Having brought his action as holder, and producing the paper indorsed in blank, he has prima facie made out a title as such; and to rebut the inference which arises on the face of the paper, that a recovery by him against Cross, would only lead to a new recovery by Cross against him, he shows that the defence of circuity is not available against him, inasmuch as Cross could *229 have, by the original agreement of the parties, no recovery against him. The case is, as to its legal merits, the same as if Cross had taken up the paper from the bank and brought an action against Moore as payee, and in such a case no one could doubt the competency of the proof of the facts now in proof, or their conclusiveness to defeat Cross’s action. (Labron v. Woram, 1 Hill, 91.) Between parties thus standing in immediate privity with each other, an action could no more have been maintained by Cross against Moore than it could had Moore been strictly an accommodation indorser for Cross.
When this note was originally in Moore’s hands the blank indorsement of Cross could have been rendered entirely conformable to the real agreement and object of the parties by Moore’s making his own indorsement without recourse in terms. Upon such an indorsement the paper would no longer have afforded a prima, facie, answer to Moore’s action against Cross; nor could Cross have maintained that such an indorsement was unwarranted, as it would have exactly carried out the intention of the parties. Between these parties I can see no reason why the indorsement might not thus have been made at the trial; or why it may not now, being a mere matter of form and the right to make it being proved, be treated as made.
Some confusion has been thrown around this subject from what has been finally settled to have been an error, treating such an indorsement as a guaranty and charging the indorser as a maker or guarantor. This doctrine was advanced in Herrick v. Carman (12 John., 160), and was adjudged in Nelson v. Dubois (13 John., 175), and Campbell v. Butler (14 John., 349). It was attacked in Dean v. Hall (17 Wend., 214), and in Seabury v. Hungerford (2 Hill, 80), and was finally overthrown in Hall v. Newcomb (3 Hill, 233), and the same case in error (7 Hill, 416). The Chancellor, in his opinion in the latter case, says: “If the object of the second indorser was to enable the drawer to obtain money from the payee of the note, upon the credit of the accommodation indorser, he may indorse it without recourse; and, by such indorsement, may *230 either make it payable to the second indorser, or to the bearer: and such original payee may then, as legal holder and owner of the note, recover thereon against such second indorser, upon a declaration stating such special indorsement by him, and subsequent indorsement of the note to him by the second indorser.” He proceeds to say that the party might proceed on the common counts, giving a copy of the note and indorsements ; but that he must, in either case, show demand and notice to charge the indorser. In Spies v. Gilmore (1 Comst., 821), the doctrine came before this court under slightly different circumstances. Want of demand and notice were held to be excused upon the circumstances of the case, in the Superior Court, In this court it was discussed and decided on the question of the sufficiency of the excuse; and not an intimation is to be found throwing any doubt upon the position that had those defects not existed, the plaintiff might have recovered. The later cases of Brown v. Curtis (2 Comst., 225), Hall v. Farmer (id., 553), and Dunham v. Manrow (id., 533), being upon written guaranties, and not upon indorsements, are not applicable to this case.
The cases of Herrick v. Carman (10 John., 224 and 12 John., 159), and Tillman v. Wheeler (17 John., 326), are entirely in harmony with this view. In neither of them was it made to appear that the second indorser put his name on the paper to give the maker credit with the payee. On that ground each of them was decided, while the whole scope of the opinions shows that with that proof the court would have sustained a recovery. The case of Waterbury v. Sinclair (16 How. Pr., 329), sustains the general position of the plaintiff, as do the opinions of Mr. Justice S. B. Strong and Mr. Justice Emott, though the decision of the former was overruled upon the ground that there should have been an actual indorsement without recourse. It seems to me that, under the present system, if a right so to indorse appears, and it may be done even at the trial, that substantial- justice is promoted by regarding it as done and looking upon its actual doing as the merest matter of form.
*231 The recovery was founded on correct legal principles. The fact that an indorsement without recourse would present exactly such a case as might frequently happen in the transaction of business, and if so happening would strike no one as violating the ordinary theory of promissory notes, shows that the real rights of these parties are capable of being enforced without violence to any rule of law, under the contract they have actually made.
All the judges concurring,
Judgment affirmed.