THOMAS S. GRIMWOOD, Respondent, v. WILLIAM M. WILSON, Appellant, Impleaded with HENRY URBIN.

*Undertaking — execution of, by one surety upon the condition that another shall be procured — when such surety may set up a breach of the condition as a defense to an action upon it.*

This action was brought upon an undertaking signed by the defendant Wilson and one Urbin, upon an appeal taken by the latter from a judgment recovered against him by the plaintiff. Wilson defended upon the ground that he was induced to execute the undertaking upon the representation and condition that another person was to sign it as surety with him. The undertaking signed by Wilson and Urbin was filed and a copy served upon the plaintiff's attorney,

who took no steps to require the surety to justify or to enforce the judgment during the appeal. The undertaking was given under section 335 of the old Code, which required two sureties, the appellant himself not being treated as a surety.

*Held,* that the defendant Wilson was entitled to set up the breach of the condition upon which he executed the undertaking as a defense.

*People* v. *Bostwick* (32 N. Y., 445) followed; *Russell* v. *Freer* (56 N. Y., 67) distinguished.

Appeal from a judgment, entered upon decision of the action by the court at circuit without a jury.

*Sidney S. Harris,* for the appellant.

*Wilbur F. Scott,* for the respondent.

Davis, P. J.:

This action was brought upon an undertaking given on appeal to the General Term of this court, in an action of *Grimwood* v. *Urbin,* the co-defendant of the appellant. The undertaking was executed by Urbin, the appellant in that suit, and Wilson, the present appellant. The defense interposed was to the effect that when Urbin applied to Wilson to execute the undertaking, he requested him to be one of two sureties therein ; that Wilson declined, but upon Urbin's representation that one Charles F. Hunter, president of the People's Bank, or some other responsible person, would execute the undertaking as the other surety, Wilson signed on condition that Mr. Hunter or another responsible surety should execute the same.

The undertaking, executed by Urbin and Wilson alone, was afterwards filed, no second surety having been obtained. The judgment appealed from was subsequently affirmed, and this action was brought against Urbin and Wilson upon the undertaking.

The only evidence in the case was that of the defendant Wilson and his son, whose testimony tended to show that Wilson executed the undertaking on the condition that Mr. Hunter or some other responsible person should sign the same as co-surety with him.

There was no evidence in the case tending to show that Wilson had in any form consented to waive the execution of the instrument by another surety, or that he knew the fact that it had been filed without obtaining such surety. Upon filing the undertaking, a copy thereof was served upon the plaintiff's attorney, and no steps were

thereafter taken to require the surety to justify or to enforce the judgment pending the appeal.

The undertaking was made at a time when the old Code was in operation. Section 335 of that Code provided that an appeal from a judgment directing the payment of money should not stay the execution of the judgment unless a written undertaking be executed on the part of the appellant by at least two sureties. The fact that Urbin, the appellant, also executed the undertaking was not a compliance with this requirement. (*Moses* v. *Hasbrouck*, 63 How., 84.) He was not a " surety " within the meaning of the Code, and could not be made one, because he was the principal against whom the judgment has been recovered, and incurred no additional liability by the execution of such an undertaking.

The court below refused to find upon the evidence the facts which the evidence tended to establish, and being uncontradicted did establish, and exceptions were taken to such refusal. This refusal was undoubtedly made upon the ground that the execution and filing of the undertaking were such acts as precluded the appellant Wilson from proving the alleged defense, to wit, that he executed upon condition that another surety should be obtained. It seems to be very well settled in this State that where a surety signs a bond upon condition that it is not to be delivered until another person becomes a party to it, the delivery in violation of that condition will not be effective against him. (*People* v. *Bostwick*, 32 N. Y., 445; *Bookstaver* v. *Jayne*, 60 N. Y., 150; *Benton* v. *Martin*, 52 N. Y., 570–574.)

The case of the *People* v. *Bostwick* was questioned by the same court in *Russell* v. *Freer* (56 N. Y., 67), but it was not necessarily overthrown, because the court held that the facts of *Russell* v. *Freer* did not bring that case within the principle of the *People* v. *Bostwick*.

In this case the appellant had a perfect right to require that the undertaking should be executed by another surety, because the Code itself expressly requires that the instrument should have at least two sureties in order to be of any effect; and where such an instrument is executed upon that express condition or understanding, we see no good reason why the principal, and the party in whose favor it is made should be at liberty, by waiving the requirements of the

statute, to fix a liability upon the appellant, greater than that which a compliance with the statute and with the conditions upon which he signed the instrument, would impose.

The undertaking was of no operative effect to stay proceedings upon the judgment, unless it could be made so by the waiver of the plaintiff in the judgment to enforce his statutory rights; but that waiver could not get rid of the condition which the plaintiff had attached to his execution and to the delivery of the undertaking. Parties must be presumed to know the law. And, therefore, the surety in this case may well be presumed to know that the instrument he had signed would not be operative until another surety had joined in it. There was nothing unreasonable therefore in the evidence which tends to establish that the undertaking was not to be delivered until another surety should join and that the execution by the appellant was upon that condition.

The plaintiff also must be presumed to know that the law required two sureties to an undertaking that would operate as a stay, and if he, therefore, of his own motion, chose to waive that requirement, and to accept the instrument with one surety, he ought at least to have been sure that the single surety had consented to accept the increased responsibility thrown upon him by the absence of another surety.

We think the judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred.

DANIELS, J.:

As the plaintiff was deprived of no right, nor delayed in the collection of the judgment by the giving of the undertaking, the failure to comply with the conditions imposed by the defendant subscribing it as a surety was a defense. If, in the form in which it was filed, it would have created a stay, then the surety would probably be precluded by that circumstance from denying his liability upon it. But it did not. As there is but one surety it did not stay, or in any form prevent the plaintiff from collecting his judgment. (Code Pro., §§ 348, 335.) I agree, therefore, with the opinion of the presiding justice.

Judgment reversed, new trial ordered, costs to abide event.