## GRANT, Sheriff, *v.* TEFFT *et al.*[1]

*(Common Pleas of New York City and County, General Term.　February 10, 1890.)*

BONDS—INDEMNITY TO SHERIFF.

Defendants, with other judgment creditors, executed indemnifying bonds to protect plaintiff, as sheriff, against counsel fees, actions, and judgments by reason of his sale of property levied on under their execution.　Plaintiff sold the property, and paid defendants the amount of their execution.　Suit was thereupon brought against him by the assignee for benefit of creditors of the judgment debtor, for conversion.　*Held*, that defendants could not escape liability on their bond for their proportionate share of the expense incurred by plaintiff in defending such action, by showing that they orally notified him that they did not wish it defended.

Appeal from city court, general term.

The action is on a bond of indemnity, executed by Tefft, Weller & Co., as principals, and by Andrew J. Shively, Thomas R. Armstrong, and Edward H. Branch, as sureties, to the plaintiff, as sheriff of the county.　The bond recites the recovery of a judgment by Tefft, Weller & Co. against Adolph Von Der Linden, for $2,174.73, the issuing of an execution thereon to the sheriff, and that certain personal property, apparently the property of the judgment debtor, was claimed by others.　The condition of the obligation was that the indemnitors were to save, keep, and bear harmless the plaintiff against any damage, liability, costs, counsel fees, expenses, suits, actions, and the like, that might at any time arise, come, accrue, or happen by reason of the levying, taking, or making sale under such execution of all or any personal property which he might judge to belong to the judgment debtor, or for or by reason of any action that might be brought against him on account thereof.　There was also in the hands of the sheriff an execution against Von Der Linden in favor of Abraham Weinberg for $469.74, and another in favor of John Claflin and others for $3,988.39.　In each of these actions a bond of indemnity similar in form, executed by the plaintiffs in said actions as principals, and by others as sureties, was given to the plaintiff as sheriff.　A sale of certain property levied on was had, and the various executions were paid in full.　James J. Byrne, as general assignee of the judgment debtor, claimed title to the property, and brought action against the plaintiff to recover damages by reason of the levy thereon and sale thereof.　The action was defended, tried twice; the jury on each trial disagreed, and the action was thereafter discontinued. The plaintiff paid his counsel for defending that action $1,000, and claimed that Tefft, Weller & Co. were liable to him for $325, their proportion of the fee.　The defendants offered evidence tending to show that inducements were offered to give the bond, that conditions accompanied it, and that certain instructions were thereafter given concerning the defense of the action brought by Mr. Byrne.　The evidence offered was excluded under exception.　The defendants then moved to dismiss the complaint on the ground that there was no evidence of any levy on behalf of Tefft, Weller & Co., and no proof that the sum paid by the plaintiff as counsel fee was a reasonable and fair charge. The motion was denied under exception.　The jury, by direction of the court, found a verdict in favor of the plaintiff for $325, and from the judgment entered thereon the defendants appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Roscoe H. Channing*, for appellants.　*David Leventritt*, for respondent.

LARREMORE, C. J.　Appellants could not succeed in this action without being allowed to occupy two absolutely inconsistent positions.　They had formerly indemnified the sheriff, and he, relying upon their bond and those of other judgment creditors, sold the property which he had before levied on, and collected and paid over to them the amount of their claim.　But, at the time

[1] Affirming 7 N. Y. Supp. 129.

of giving such bond, defendants allege that they represented to the sheriff that they were preferred as creditors in an assignment which by that time had been made by the judgment debtors, and that they did not wish to attack such assignment. They also aver that later, when the action. was brought by the assignee against the sheriff to recover damages for the wrongful conversion of the very property which defendants had indemnified the sheriff to sell, they notified the sheriff that they did not wish such action defended. These matters they seek to set up as defenses in the present action to recover from them, under their bond of indemnity, their proportionate share of the expense incurred by the sheriff in defending such action. A mere statement of their position is sufficient to make it plain that no court could sanction such a double-face policy on the part of any litigant. Defendants desired to have the benefit of the sale under execution, in order to secure prompt payment of their claim. On the other hand, as the ultimate payment thereof was secured by the preference in the assignment, they propose to escape reimbursing the sheriff for the liabilities and expenses incurred in carrying through the execution sale and defending himself from the consequences thereof. The legal *status* of the matter is simply that, in the face of the bond of indemnity, their oral notices were meaningless and nugatory. By indemnifying the sheriff, they elected to collect the debt by execution, and this action on their part necessarily contemplated the incurring of every liability legitimately arising out of the pursuit of that remedy. In company with the other judgment creditors they put upon the sheriff the obligation to perform certain acts involving personal risks, and, after he had started upon such course, he could not withdraw. The sheriff having sold the property relying upon his bonds, the defending of the action brought by the assignee was something which he could not avoid. The expense incurred in such defense was one of the charges fairly covered by said bonds, and defendants are very properly compelled to pay their proportionate share thereof.

For the reason stated in the opinion of McADAM, C. J., (7 N. Y. Supp. 129,) at the general term of the city court, we think there was sufficient in the case to support the finding by the trial judge as to the reasonable value of the services rendered. The judgment appealed from should be affirmed, with costs.