PATTERSON, J.
The plaintiff sued to recover compensation for services alleged to have rendered by him as a broker, in negotiating an exchange of property, situated on Staten Island, and belonging to the defendant, for real estate in the City of New York, ownéd by one Morgenthaler. The allegations of employment of the plaintiff by the defendant—-of the rendition of service and agreement to pay therefor—are denied by the answer. The cause was referred : the referee reported in favor of the plaintiff, and from the judgment entered on the report, the defendant appeals.
The employment was fully proven, as was also the amount of compensation to be paid the plaintiff if he performed the service for which he was so employed, but the evidence does not show that the plaintiff has earned his commission, and does not justify the referee’s findings in that regard.
In the transaction of the proposed exchange the plaintiff dealt with Messrs. Hoyt, the brokers of Morgenthaler. The basis of the dealing was that the defendant should, in addition to conveying his Staten Island property, pay $1,750 in money and take a house on Lenox avenue, subject to a mortgage of $18,000. John O. Hoyt testified that the plaintiff and defendant came together to his office in the early part of July, 1891, and the plaintiff spoke of having, as broker, a place of the defendant on Staten Island, to which Hoyt replied he had a house on Lenox avenue he would trade. He states that afterwards his principal (Morgenthaler) agreed to accept $1,750 as the cash consideration to be paid, and on July 21, the consent of the defendant to that was given, the latter stating he would give that amount in money and the Staten Island property, and take the Lenox avenue house with the mortgage on it. . Thus far the parties were in accord, and it is clear no other terms were ■ever contemplated by the defendant. The disagreement or misunderstanding results from what followed. Hoyt *368 drew a written contract, containing other terms than those mentioned. Morgenthaler signed it. On July 22 Kohler and the plaintiff called at Hoyt’s office. Conversation was had respecting the contract. It was then signed by Kohler, but on the express understanding that it was not to be considered as binding the defendant, nor as a delivered instrument, until Mr. Van Name, the defendant’s attorney, could examine it the following day. The plaintiff, as well as Hoyt, testifies substantially to that. It is also testified to, that the defendant criticised the contract as drawn, but limited his declared objection to the shortness of time allowed for the completion of the transaction. It is also true, that the defendant signed a letter (Ex. 2), in which he states-that the terms of the trade are correctly set forth in the contract; but we are convinced that he is right in further stating that he did not obsefve that he was required by that contract to pay $2,250 instead of $1,750, and it is fully admitted by Hoyt that the contract was incorrectly drawn, for he says that he subsequently offered to have the $500 applied on account of the $1,750. The defendant is not bound by that letter, and to the plaintiff’s own knowledge, the contract was not to be operative until Van Name examined and approved it. When it was discovered by the defendant’s attorney that the contract contained different and more onerous terms than those verbally agreed upon, the defendant had the right to refuse to be bound by it, and he did so.
So far as now appears, the negotiations of the plaintiff with Morgenthaler virtually terminated at that point, and as no enforcible agreement was ever made between Morgenthaler and the defendant, and the latter was not at fault, the plaintiff is not entitled to commissions. The brokers and the defendant had verbally agreed, but Morgenthaler had not become bound. The plaintiff’s right to-payment depended upon his procuring a person ready and willing to contract in such a way as to be legally bound. *369 to perform. His service was incomplete until that was done. Nothing was accomplished of any benefit to the defendant, who could not compel Morgenthaler to perform, nor recover damages for non-performance, and nothing of subsequent occurrence changed the relations between the parties. On the facts and circumstances disclosed by the proof, the referee erred in the conclusion at which he arrived. The case differs essentially from Barnard v. Monnot (3 Keyes, 203), and like cases cited by the referee to sustain his decision. Where a principal refuses to carry out a transaction made by his broker, on terms duly authorized, the broker may recover, for he is not to be deprived of his compensation because the principal retreats or changes his mind. The broker has then done all he can; but where the principal stands ready to perform, to enter into a contract on conditions he has authorized, and the party produced by the broker refuses to conform thereto by entering into a binding obligation, the broker has failed to effect the purpose of his employment; he has not found a person ready and willing to take on the agreed terms, and his principal is not liable for commissions.
The judgment must be reversed and a new trial ordered before another referee, to be appointed by this court, with costs to the appellant to abide the event.
Van Brunt, P. J., and O’Brien, J., concurred.
Note on the Question what classes of instruments can BE ACTUALLY DELIVERED, AND YET PREVENTED FROM TAKING EFFECT, BY THE USE OF AN ORAL CONDITION.
A question of increasing importance in the law of Contracts and Conveyancing is, whether we can in any case deliver a sealed instrument to the party, and trust to an oral condition to prevent its taking effect.
We can, it is now settled, 1 think, trust to an oral collateral stipulation which does not prevent the instrument nor any part of it from taking effect, but only gives a counter-demand, or right of action, which may serve as a counter *370 claim, for this does not purport to vary the terms of the writing. Van Brunt v. Day, 8 Abb. N. C. 336 ; S. C., 81 N. Y. 251.
But in the case of oral conditions intended to prevent the delivery actually made from taking effect until the condition has been performed, the professional tradition has been that such conditions may be relied on in case of unsealed instruments, but not in case of sealed instruments.
This is one of those convenient distinctions between what are called solemn contracts and commercial contracts, which have been from time immemorial symbolized by the use or non-use of a seal. There is no magic in a wafer ; but there is a real want in human affairs of such a distinction, and to abolish the seal as a badge of conclusiveness would immediately set conveyancers at work to devise clauses and stipulations to insert in the body of a document, intended as a finality, with the intent of securing the same effect by words, which the seal secures by a symbol. (For other differences, see note in 29 Abb. N. C. 149.)
Of late the tendency to unsettle the seal or to re-adjust its legal significance, has shown itself in the question whether the rule as to oral conditions above-mentioned ought not really to be disengaged from the question of seal or no seal, and predicated either of instruments on which the law requires a seal, or of conveyance as distinguished from covenant or promise.
Such views have recently been very clearly put by Judge Freedman in the case first noted below, in connection with which a summary of earlier cases will be useful.
It is plain that there is an.inherent difference between an instrument which transfers title, and may therefore be considered as a conduit or bridge over which the title has passed and gone, and on the other hand an instrument which constitutes a continuing obligation or nexus, tying the two parties together in a right by which the one may control in some respect the conduct or property of the other.
Destroying the bridge after the army have passed over, does not bring them back again. But destroying the bond which brought two parties into union in an executory contract, does set them free again.
The question is whether the distinction about conditions affecting delivery, should not justly be made to turn on the same inherent difference in transactions, as the distinction respecting destruction, rather than o'n the use of the seal as a symbol.
Whatever the conclusion on this question may be, it will be useful to observe, meanwhile, that it is already settled (at *371 .any rate in respect to all that class of sealed instruments that do not transfer or create an estate in land) that a written condition or stipulation as to conditions, though made without seal, may control the delivery of the sealed instrument. Half a century ago the rule that “ parol ” evidence is not admissible to vary, etc., forbade the use of an unsealed writing to vary a sealed one: for “ parol ” then included writings unsealed. It has now become, on the ■contrary, settled, that a sealed and an unsealed writing between the same parties on the same subject, and forming part of the same transaction, must be read and construed together.
This enables us to rely with confidence on a simple receipt expressing the conditions of delivery, whenever it is desired to make a delivery without giving effect to the instrument ; with the possible exception of cases where the instrument purports to transfer title, and the delivery is to the party.

Notes of Cases.

View that the restriction only applies to conveyances, where delivery is symbolic of giving possession. Blewitt v. Boorum (N. Y. Super. Ct. Gen. Term, 1891), 39 State Rep. 244; S. C., 14 N. Y. Supp. 298. Where the answer to a complaint on a sealed contract, granting an exclusive right to manufacture under a patent, set up that it was to take effect as to the plaintiff only upon a condition specified, —Held, that although the delivery of the contract was consummated between the parties, extrinsic evidence was admissible to prove the oral agreement between them.
The court say, that after examining the cases it appears “ that the strict enforcement of the rule which rejects parol evidence qualifying the delivery, has been almost exclusively in cases of instruments under seal, in which the delivery of the instrument constituted or involved a symbolic transfer of the possession of land.”
General rule, applied to delivery conditioned on counsel’s' approval. Ware v. Allen, 128 U. S. 590. Where, before signing a written instrument [not under seal], it was agreed between the parties thereto that it was to be of no effect unless on consultation with ■counsel named, the defendant should be assured that the transaction out of which it arose was lawful.—Held, that proof that they were advised, by such counsel, that such transaction was illegal, shows that the instrument never went into effect, and was admissible.
The court say : “ We are of opinion that this evidence shows that the contract upon which this suit is brought never went into *372 effect; that the condition upon which it was to become operative never occurred, and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases well recognized in the law, by which an instrument, whether delivered to a third person as an escrow, or to the obligee in it, is made to depend as to its going into operation, upon events to occur or to be ascertained thereafter.”
Dietz v. Farish, 79 N. Y. 520, Action for specific performance by vendor. Plaintiff and defendant formally executed the contract for sale in duplicate, and left the papers and a check for the amount to be paid down with a clerk of defendant’s attorney for the attorney’s approval. Before the attorney had seen them, the plaintiff procured one of the duplicates from the clerk.—Held, that, all the formalities in the execution of the contract had been performed with reference to the attorney’s approval, and to a full consummation by a subsequent delivery, and that, the attorney not having approved it, no contract had been concluded.
— such delivery taking effect upon the approval. Ryan v. United States, 136 U. S. 68; s. c., 34 L. Ed. 447; 10 Supm. Ct. Rep. 913. Ejectment. A deed in execution of a contract to sell was delivered to an officer of the United States government with the intention that it should presently become operative, when the attorney-general should approve the title.—Held, that the government acquired the title to the property on the approval by the attorney-general and had a right to put the deed on record.
— agreement to sell land, altered by agent, and, delivered conditioned on pri7icipaVs ratification. Worrall v. Munn, 5 N. Y. 229. In an action for specific performance of an agreement to sell land,, the answer set up that defendant's agent had made alterations in the agreement after it had been signed and sealed by defendant, and had delivered it to plaintiff’s agent upon the express condition that it was of no validity unless it should be afterwards approved by defendant, and that defendant subsequently refused to approve it.— Held, that the delivery of the deed having been made to the agent of the other party, it could not be regarded as an escrow, and that parol evidence of conditions qualifying the delivery was inadmissible.
— or approval of third person. Pickett v. Green, 120 Ind. 584 ; s. c., 22 Northeast Rep. 737. Action for injunction to restrain defendant from violating his written contract under seal with-plaintiff not to practice as a physician within a certain territory.—Heldr that defendant could not show that the contract was delivered to the plaintiff for the purpose of submission to his brother for his *373 approval and signature, and was to be returned to defendant’s attorney, and not to be delivered until plaintiff had purchased from defendant certain real estate.
The court say: “ A contract of that kind can not be delivered to •one of the parties as an escrow.”
— charter-party delivered siibject to owner's approval, followed by delivery of vessel. La Campania Bilbaina, etc. v. Spanish-American Light and Power Co., U. S. Supm. Ct. Dec. 1892. Libel in personam to recover a sum due under a charter-party. The broker for the owner of the vessel signed the charter-party subject to the owner’s approval of certain provisions contained therein as to alterations to be made to the vessel. The owner refused to ratify the provisions .as to alterations, and the hirer never consented to waive them. The vessel was delivered to the hirer without any express agreement having been reached.—Held, that the delivery of the vessel by the owner, without giving the hirer distinct notice that it was not under the charter-party, constituted an adoption by the owner of the charter-party, including the provisions previously objected to.
Escrow no delivery. Clark v. Gifford, 10 Wend. 311. Where a •deed of real estate was executed by one party and a note signed by the other for the payment of a sum of money, the deed being the ■consideration of the note, and both papers were deposited with a third person with directions to keep them until both parties should agree to have them exchanged,—Held, that such transaction did not constitute an absolute delivery of the deed, so as to enable the grantor to maintain a suit on the note.
Escrow of deed cannot be hand of the party. Braman v. Bingham, 26 N. Y. 483. In an action upon a covenant against incumbrances, held, that defendant could not give parol evidence to show that the deed, under which recovery was sought, was deliv•ered by him to the plaintiff to be held as on escrow until plaintiff’s return from a journey, and then to be given up to the defendant.
See Blewett v. Front Street Cable Ry. Co., 49 Fed. Rep. 126; Flagg v. Mann, 2 Sumn. 486; Fairbanks v. Metcalf, 8 Mass. 230.
Foley v. Cangill, 5 Blackf. (Ind.) 18; s. C., 32 Am. Dec. 49. Action of covenant on a sealed contract for the sale of hogs.— Held, on demurrer, that the defendant’s plea that the deed was delivered to the obligee as an escrow, and that the contingency on which it was to become binding had never happened, was bad.
Contra. Bovee v. Hinde, 135 Ill. 137. Where a grantor hands his deed in an envelope to the grantee to be deposited by the lat *374 ter in his box in a bank for safe keeping, but not for the purpose of passing the title at the time,—-Held, that there had been no delivery of the deed.
Mistaken delivery to party's agent supposing him a stranger_ Pharis v. Gere, 14 Weekly Dig. 387. Action for forcible entry and detainer. Held, that where a lessor delivered the lease to the-lessee’s agent, thinking him to be a stranger, and intending the delivery to be in escrow, and such agent is in fact unauthorized to accept the lease for his principal, parol evidence of the conditions, of the delivery is admissible.
Party taking merely to transmit to escrow. Gilbert v. North Am. Fire Ins. Co., 23 Wend. 45. Action on a fire policy. The defendant to show, that contrary to the terms of the policy, the plaintiff had parted with his interest in the insured premises without defendant’s, assent, gave in evidence a deed by plaintiff to a third person—Held. that to rebut such evidence plaintiff might show that the deed had. never been delivered or accepted by the grantee, but had been merely given to him after execution for the purpose of transmission to another in whose hands the parties had agreed it should remain until the happening of a certain event, and that it had been so. transmitted.
[This case is questioned in Braman v. Bingham, 26 N. Y. 483, 491, as to whether, in an action between the parties, a deed can be; handed to the grantee for the purpose of transmitting it to -third-person to be held by him in escrow.]
Fraud in procuring delivery. Laurence v. Conklin, 17 Hun, 228. Foreclosure. The mortgagor acquired title through one M., who had fraudulently procured a deed from one C., before the payment of the agreed purchase money, upon representations that be merely wished to exhibit it.—Held, that M. and his grantees (the latter having made -no inquiries of C., who was in possession) had acquired no title, and that the mortgage was void as to C.
Contra. Arnold v. Patrick, 6 Paige, 310, 315. Foreclosure. One, of the defendants claimed under a person who had contracted for ' the purchase of the land, and had obtained a deed without paying-the purchase money upon representations that he merely wished to-show it to others and that it should not be used or put in force-until the purchase money was paid.—Held, that there was a valid delivery of the deed sufficient to pass the legal title to the land to the vendee, but that it was subject to the vendor’s lien for the. unpaid purchase money.
Ritter v. Worth, 58 N. Y. 627 (without opinion); rev’g 1 Sup’m. *375 Ct. (T. C.) 406. Possession of a deed acquired by fraud is not such a delivery as will vest the title in the grantee.
[The action was for ejectment, and the general term, in 1 Sup'm. Ct. (T. & C.) 406, in affirming a judgment for plaintiff, held that the trial court properly rejected defendant’s evidence, that a portion of the land in question had been purchased by defendant at a master’s sale ; that at his request the master made out his deed to one W. (under whom plaintiff claimed), but delivered it to defendant; subsequently W., without having paid the purchase money, which he had agreed to pay defendant, fraudulently obtained the master’s deed from defendant under the pretext that he wished merely to show it to his wife, promising to return it.]
Escrow of unsealed instrument as of deed cannot be the hand of the party.] Baum v. Parkhurst, 26 Ill. App. 128. Action by aq insurance agent to recover a premium paid by the agent in behalf of the insured in renewing a policy held by the latter. The renewal receipt was delivered to the insured.—Held, that parol evidence was inadmissible to show that the insured took the renewal upon the express condition that it was to extend his policy, and to be paid for in case another insurance agent would not give the insured the same rates. "
The court say: “ The law of escrows is not confined to sealed instruments. A promissory note or other simple contract in writing as well as a deed, may be delivered as an escrow, and the law of escrows is substantially the same in both cases, and such note or contract can not be delivered to the promisee to be held by him as an escrow. (Citing 1 Parsons on Notes and Bills, 51; Worrall v. Munn, 5 N. Y. 228, 229; Fay v. Blackstone, 31 Ill. 853; O. O. & F. R. V. R. R. Co. v. Hall, 1 Ill. App. 612.)
Contra to the above case, see, after, on p. 377, Seymour v. Cowing, 4 Abb. App. Dec. 20; S. C., 1 Keyes, 532; and Benton v. Martin, 52 N. Y. 574.
Bond to accoimt, delivered on cotidition that books, etc., should be turned over. Cocks v. Barker, 49 N. Y. 107. A partner having given a bond to properly account to his copartner in winding-up the affairs of the firm, cannot defeat an action upon it, by showing that it had been delivered upon condition that the plaintiff should deliver to him the books of the firm.
Bond of indemnity cotiditioned that sheriff shotdd satisfy an execution. Grant v. Tefft (N. Y. City Ct. 1889), 26 State Rep. 102; S. C., 7 N. Y. Supp. 129; aff’d in 8 N. Y. Supp. 465 ; S. C., 29 State Rep. 496. Action on an indemnity bond given a sheriff.—Held, that the bond having been delivered to the obligee, oral evi *376 dence was inadmissible to show that the bond was delivered on the condition that the sheriff should satisfy an execution in favor of the obligee out the proceeds of a sale about to be made under an attachment.
Assignee for benefit of creditors receiving assignmemt and taking time to consider. Crosby v. Hillyer, 24 Wend. 280. A deed of assignment for the benefit of creditors was placed in the hands of the assignee. The assignee stated, on receiving it, that he must consider if he would accept, and that he would give his answer later. Before the assignee had finally concluded to accept, an execution was levied an the assignor’s property.—Held, that the execution had preference over the deed of assignment.
— condition as to assent of creditors. Ward v. Lewis, 21 Mass. 518. In a suit by a creditor against an assignee for the benefit of creditors, to compel the execution of the assignee’s trust under deed of indenture executed by the assignor and assignee by which the assignment had been made.—Held, that evidence was inadmissible to show that the delivery of the deed was conditional to take effect when it should be signed by a majority of the creditors.
— stipulating to return it in a certain contingency. Lawton v. Sager, 11 Barb. 349. Where a deed of assignment for the benefit of creditors was delivered to the assignee,—Held, that extrinsic evidence was not admissible to show that the debtor and assignee agreed at the time of delivery that the former should procure certain proceedings against him to be discontinued, and that upon his failure to effect this arrangement the deed of assignment should be returned to the debtor.—So held, in proceedings to determine whether a judgment, obtained subsequent to such delivery of the deed of assignment, was entitled to priority in surplus money arising from the sale of mortgaged premises of the debtor.
— deed to be moperative, or to be followed by recotiveyance. Hutchins v. Hutchins, 98 N. Y. 56. Ejectment.—Held, that defendant could not show that it was not intended that his deed to the plaintiff should be operative, or that plaintiff should reconvey to him at his request without consideration.
Wallace v. Berdell, 97 N. Y. 13. In action by creditors to set aside a trust deed made by the judgment debtor,-—Held, that the deed having been delivered to the trustee, it could not be shown for the purpose of defeating the rights of the cestuis que trustent, that the delivery was with the intent that the deed should not take effect, or upon any other contingency whatever, contrary to he terms of the instrument.
*377 Sale not under seal; condition by collateral stipulation. Engelhorn v. Reitlinger, 55 Super. Ct. 485. In an action for the breach of a written contract for the sale of goods, there was evidence that the seller’s agent, when the making of contract was ■under consideration, stated, that if the purchaser made the contract, the seller would issue a circular that the price of the same goods sold by himself would be a certain amount, whereupon the purchaser said he would make it.—Held, that the evidence was not sufficient to show that the agreement was intended to take effect ■only on condition of circulars being issued.
Lilienthal v. Suffolk Brew. Co. (Mass. 1891), 28 Northeast Rep.151; S. C., 12 Law R. Ann. 821. On signing a memorandum of sale, the buyer stated to the seller’s agent that he would sign it on the condition that if when he returned from Canada he found that the price stated by the agent was not the market price, it would be no sale. Afterwards it was discovered that the agent had misrepresented the market price.—Held, that the oral condition could not be construed .as a condition precedent to the existence of the contract; and that oral evidence of a condition to take effect subsequent to the making of the written contract was inadmissible,.
Round Lake Asso. v. Kellogg (Supm. Ct. Gen. T. 3rd Dept. 1890), 34 State Rep. 405 ; S. C., 11 N. Y. Supp. 859. In an action upon a written agreement, under which plaintiff gave defendant the privilege for three years to sell certain goods on its premises,— Held, that the defendant might show by oral evidence that it was a condition of the delivery of the agreement that a third person should not have the privilege of selling the same class of goods, and that such person should sign a contract to that effect.
[It is not stated whether the agreement in the above case was or was not under seal, the court, however, distinguishes Wallace v. Berdell, 97 N. Y. 24, and follows Dietz v. Farish, 79 Id. 524, in both of which cases an instrument under seal was involved.]
Unsealed instrument. Seymour v. Cowing, 4 Abb. App. Dec. 20 ; S. C., 1 Keyes, 532. An instrument not under seal,—e. g., a promissory note,—may be delivered to the party in whose favor it is drawn upon a condition, so that, until performance of the condition, he acquires no right to enforce it.
The court say: “ A deed delivered to the grantee or person entitled to take under it, becomes at once absolute, whatever the intention of the parties may be (citing Arnold v. Patrick, 6 Paige, 310; Worral v. Munn, 5 N. Y. 229). But instruments not under seal may be delivered to the party to whom upon their face they are made payable, or who is by their terms entitled to some inter *378 est or benefit under them, upon a condition, the performance of which is necessary in order to perfect the title of the holder to> enforce the contract (citing Miller v. Gamble, 4 Barb. 46).
Benton v. Martin, 52 N. Y. 574. Action upon a sight draft. The court say: “ Instruments not under seal may be delivered to one to whom upon their face they are made payable, or who by their terms is entitled to some interest or benefit under them, upon conditions, the observance of which is essential to their validity. And the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable as between the parties to it or others haying notice. It needs delivery to make the obligation operative at all, and the effect of the delivery and the extent of the operation of the instrument may be limited by the conditions with which the delivery is made.”
S. P., Bookstaver v. Jayne, 60 N. Y. 150.
Garfield Nat. Bk. v. Colwell, 57 Hun, 169. Where at the time a. note is discounted there is a distinct understanding between the maker of the note and the payee, which is stated to the bank at which it is discounted, that the maker should incur no liability by the signing of the note, he will not be liable to the bank which discounted it. It is not binding as an accommodation note, because the bank is not a bona fide holder for value without notice. [Citing: Benton v. Martin, 52 N. Y. 573, and Seymour v. Cawing, 4 Abb. App. Dec, 200; S. C., 1 Keyes, 532.]
Agreement for extension ; condition of surety’s assent. Wilson v. Powers, 131 Mass. 539. In an action against a surety upon a promissory note, the surety set up as a defense a written agreement by the holder with the maker to extend the time of payment.—Held. that evidence of conversations which took place at the time of the delivery of the agreement, extending the time of payment, to the-effect that it should become binding only upon the assent of the. surety, was admissible.
The court say: “ The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative.”
Suit i7i eqtiity by gra7itee who took deed Í71 escrow. Minah Consolidated Mining Co. v. Briscoe (U. S. Cir. Ct. D. Mont.) 47 Fed. Rep. 276. Where defendants, under a contract to sell certain mining lands to plaintiff, delivered a deed thereof to a third person as an escrow, and later delivered a duplicate deed to an agent of plaint *379 iff, which was recorded, it is competent for the defendant to show that such subsequent deed was intended only as an escrow, and was given to enable plaintiff, by recording it, to apprise subsequent purchasers of his rights in the property.— So held, in an action in the nature of ejectment, in which plaintiff claimed under the deed delivered in escrow.
Eqtiity construes several instruments together. Johnston v. Donvan, 50 Hun, 215. Foreclosure of bond and purchase-money mortgage. It appearing that an attachment had been levied upon the property, the purchaser, after he had given the mortgage, refused to take title until the attachment was removed, and a writtén agreement under seal was made by the assignee of the mortgage with a third person, which provided that the interest on the bond should not begin to run until the attachment had been removed, and in case the attachment should be successfully enforced against the property, the bond and mortgage should be void.—Held, (1) that for the purpose of connecting the agreement with the mortgage, extrinsic evidence was admissible to prove that the third person with which it was made was a partner of the mortgagor in the purchase, of the premises; notwithstanding both the contract for sale and the agreement were under seal; (2) that the agreement as to the bond and mortgage was admissible, in connection with the mortgage, to show the whole transaction, for the purpose of showing the equitable rights of defendants and the intent of the parties as to the enforcement of the mortgage.
Time of creating the condition.] Philadelphia, etc. R. R. Co. v. Howard, 13 How. (U. S.) 307. Action upon a sealed contract for the construction of a railway.—Held, that evidence was inadmissible to show that there was an understanding between the parties, that another person should sign the paper before it become obligatory, because such understanding was prior to the sealing, and in no way connected with the act.
The court say: “ If the offer had been to prove that at the time the corporate seal was affixed, it was agreed the instrument should not be the deed of the company unless or until Hiram Howard should execute it, the evidence might have been admissible (citing Pawling v. U. S., 4 Cranch, 219; Derby Canal Co. v. Wilmot, 9 East, 360 ; Bell v. Ingestre, 12 Ad. & El. U. S. 317.
Dodge v. Gardiner, 31 N. Y. 239. A property-owner resisting a street improvement, signed a written agreement to the effect that he might be called upon for a specified sum in opposing it; the agreement reciting that the money was intended as the owner’s. *380 “ contribution to the fund for the general opposition herein.”— Held, that evidence was admissible to show that the agreement was not to become operative until others had agreed to contribute to the fund.
— acceptance necessary as well as delivery.] Ford v. James, 2 Abb. Ct. App.Dec. 159; s. c., 4 Keyes, 300. Pending negotiations for a conveyance the grantor’s attorney induced the grantee’s agent to advance a trifling sum of money, and receive the deed, on an agreement that the deed should be returned and the money refunded if the conveyance was not accepted. The grantee’s agent caused the deed to be put on record secretly, and returned the money to the grantor’s attorney, representing to him that he had returned the deed to the grantor.—Held, no delivery.
Cases on the delivery of an iiistrument on condition that others also sign, often involve the additional element of an instrument which, by reason of naming the intended parties, who have not all signed, is incomplete at time of delivery. See Abb. Tr. Ev. 507, and the following cases :
Pawling v. United States, 4 Cranch, 219. Action of debt against sureties upon an official bond given by a collector of revenue. —Held, that evidence was admissible to show that the bond was delivered to the collector upon condition that it should not be delivered to the appropriate officer on behalf of the U. S. government, unless other persons should sign as sureties.
[Compare Moss v. Riddle, 5 Cranch, 351.]
Moss v. Riddle, 5 Cranch, 351. Action of debt upon a bond for the payment of money. One of the defendants pleaded that he delivered the bond to the obligee as an escrow, on condition that the same should afterwards be executed by some other friend of the person with whom he signed the bond, and that the condition had not been complied with.—Held, on demurrer to plea, that a bond could not be delivered to the obligee as an escrow.
In Chouteau v. Suydam, 21 N. Y. 179, the court say: “It is very settled, that where a bond, a deed, or other written instrument is executed by a portion only of those who appear in the body of the instrument as parties, the question whether those who have executed it are bound, depends upon the circumstances under which the instrument was delivered. Those circumstances are open to proof by parol, and if it appears that at the time of delivery by any party whose signature is affixed, anything was said indicating that such party did not intend to be bound unless other *381 parties also signed, the delivery will be considered as not absolute, but in escrow merely.”
Brackett v. Barney, 28 N. Y. 333. In an action of foreclosure, the defense of usury was set up. It appeared that defendant signed the bond and mortgage and delivered them to plaintiff before his wife had executed the mortgage, or it had been acknowledged by either. Subsequently, before the execution and acknowledgment of the mortgage had been completed, the plaintiff repaid the money constituting the alleged usury.—Held, that the bond and mortgage did not take effect until the mortgage had been completed ; that before that time, awaiting its completion, the mortgagee was a mere trustee of the bond and mortgage for the mortgagor ; and that, therefore, the transaction had been purged of the usury by repayment of the illegal exaction before its completion.
The court say : “ The delivery of a deed by the grantor to the grantee, to be held as an escrow and to become effectual on the performance of some collateral act, is held to operate as an absolute delivery immediately. But this rule is applicable only when the deed is intended ultimately to take effect as a conveyance from the force of such delivery, without further act on the part of the grantor. But a deed may be delivered to the grantee to await his determination whether he will accept or not, or to be carried by the grantee and delivered to a third party, or to be examined and returned if found defective, and as in the present case, to await completion by other parties.”
People v. Bostwick, 32 N. Y. 445. Where one of several coobligors of a bond is intrusted with its keeping and instructed to deliver it to the obligee thereof only on condition that D. shall sign the same as co-surety, such holder of the bond is the special agent of his co-obligors, and the delivery of such bond to the obligee thereof, without the signature of D., is a nullity, and the co-obligors will not be bound thereby.
Campbell, J., says: “ On the delivery of the deed of the grantor to the grantee, as and for the deed of the former, no matter what the verbal conditions, the title, eo insta.7ite, vests in the grantee, and can only be divested by process of law, or by the voluntary execution of a deed by the grantee. A deed once delivered and accepted, its re-delivery by the grantee will not revest the legal title in the grantor. But a bond carries not title ; it gives on its face only a right of action, if the condition contained in it is not performed. Its return to the obligor, as a matter of course, destroys such right of action. While, therefore, a deed may not be given to a grantee in escrow, with verbal conditions on the performance of which it is *382 to take effect, a bond may "be given with conditions to thé obligee because the obligee takes nothing by his bond but a right of action, which, to render available to him, he must enforce by action, and which may be resisted by the obligor showing that the condition had not been performed, and. therefore, there was no debt—not urging the written contract, but showing that it never had any legal existence, having never, in fact, been delivered.”
[In support of its position in the above case—that a bond may be •delivered to the obligee—the court cite Lovett v. Adams, 3 Wend. 380, and Bronson v. Noyes, 7 Id. 188.]
Ordinary of New Jersey v. Thatcher, 12 Vroom (N.J.L.), 403 ; s. c., 32 Am. R. 229. A guardian’s bond, conditioned for execution by three sureties, was executed by two, who left it with the surrogate, instructing the guardian to have it executed by the third, which he promised to do.—Held, that a deed or bond could not be delivered in escrow to the grantee or obligee, and that the two were liable, ■although the third did not execute the bond.
The court say : “An exception to such current of authority is certainly to be found in the case of People v. Bostwick, 32 N. Y. 445, to the effect that the rule that a deed cannot be delivered as an escrow to the party who takes the interest under it, has application only to the case of a deed of conveyance, and that it is such a deed alone that cannot be delivered to the grantee on condition, the reason being that in such a case the estate vests, which can not be divested except by due process of law, or by the voluntary execution of a deed by the grantee ; but there seems to be no reason to believe that this novel view was the ground on which the decision of the court was rested, for Chief Justice Denio, in the expression •of his conclusions, without noticing the theory of his learned colleague, adheres to the accepted doctrine, and says, • certain principles are very well established ; where a deed is delivered to a party who is the obligee or covenantee, it is impossible to annex a condition to spelt delivery.’ Nor is it easy to understand why the grantee in a deed cannot receive Such deed in escrow, if he can hold a bond under such circumstances, because, granting the capacity to become the depositary of an escrow, it seems clear that by the conditional delivery of a conveyance to him, the estate would not vest until the performance of the condition, any more than it would if such delivery were to a third person. But independent of such considerations, it seems to me quite out of the question, at this late date, to sanction a suggestion that stands in opposition to so much authority from the epoch of the Year Book to the present time.”
Russell v. Freer, 56 N. Y. 67. Action on a fidelity bond, given by *383 a deputy to a collector of internal revenue. The bond was executed by two and delivered to the deputy; when they signed it the name of a third person appeared as co-obligor, and the bond was signed by the two with the expection that the third would sign. The name of the third person was, however, stricken out without the consent of those who had signed, and the bond was delivered to the collector. —Held, that the obligors executing the bond, haying placed it in the power of the deputy to deliver the bond as a valid and complete instrument, it having been so delivered, and the collector having incurred the responsibility relying thereon, it was valid and binding.
[Distinguishing and doubting People v. Bostwick, 32 N. Y. 445.]
Singer Mfg. Co. v. Drummond, 40 Hun, 260. An agent and his surety executed a fidelity bond to the former’s principal, which was left with the agent upon agreement between him and his surety ■that it should not be used or delivered until the father or uncle of such agent had executed it as co-surety. The bond was delivered without having been so executed, and the obligee; having no notice of the agreement, and the bond having nothing on its face to sug.gest that it was to be executed by another,—Held, that the delivery in violation of the agreement furnished no defense to the bond.
The court say: “ When several joint and several obligors intrust one of their number with the possession of a bond, perfect in form .and substance, which is accepted and acted upon by the obligee in good faith, and without sufficient notice to cause a prudent man to inquire into the circumstances of its execution, or to suspect the •existence of collateral infirmities, the obligors will be presumed to have authorized its delivery and are stopped from proving the contrary.
[Citing Russell v. Freer, 56 N. Y. 67; Richardson v. Rogers, 50 How. Pr. 403; and distinguishing People v. Bostwick, 32 N. Y. 445, on the ground that the obligee knew of the condition ; and Greenwood v. Wilson, 31 Hun, 215, on the ground that by statute .another should have signed the bond.]
S. P., Dair v. United States, 16 Wallace, 1. In this case Pawling v. United States, 4 Cranch, 219, is distinguished on the ground that in the latter case it appeared from the face of the bond that other .sureties were to sign.
S. P., State v. Potter, 63 Mo. 212 ; s, c., 21 Am. R. 440.
The court say of People v. Bostwick, 32 N. Y. 445, that “ there ■was no infirmity patent on the face of the bond, and the case was «discussed on the theory both of the delivery of the bond to a coobligor in escrow, to await the fulfillment of prior requirements *384 and that of estoppel, and the conclusion reached favoring the former view. A result diametrically opposed to the one • just announced has been reached in Indiana.” [See State v. Pepper, 31 Ind. 76.] The court adds, as to the doctrine in People v. Bostwick, “Did we care to press the point, it might not, perhaps, in a manner at all consonant with rudimentary definitions, be easy to explain how an instrument could be deemed an escrow, unless delivered as such to a third person ; nor how, if an escrow, it could be incomplete.”
S. P., Nash v. Fugate, 24 Gratt. (Va.) 202: S. C., 18 Am. R. 640.
S. P., State v. Peck, 53 Me. 284.
Grimwood v. Wilson, 31 Hun, 215 ; S. C., 66 How. Pr. 283. Where a person signs an undertaking given on appeal in an action as surety, with the express understanding that it was to be executed by another surety, the law requiring two sureties, such surety is not liable on the undertaking, if it be filed without the second surety being obtained.